# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 8, 2006

131634

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

v

                                       SC: 131634
                                       COA: 270285
                                       Saginaw CC: 02-021263-FH

CHARLES LEE BELL,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the June 29, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH and KELLY, JJ., would remand this case to the Court of Appeals for consideration as on leave granted.

MARKMAN, J., dissents and states as follows:

The dominant purpose of the legislative sentencing guidelines is to promote uniformity of criminal sentencing and to lessen the effect of the predispositions and preferences of individual sentencing judges. The guidelines establish relatively narrow ranges of sentences, based upon a variety of offense and offender characteristics, and require that judges sentence within those ranges. Only if a judge articulates "substantial and compelling" factors for departing above or below the guidelines range may he or she do so.

However, the articulation of "substantial and compelling" factors does not afford the sentencing judge carte blanche to depart above or below the guidelines at his or her discretion, for this would be to ignore the "sentencing uniformity" purpose of the guidelines with regard to extra-guidelines sentences. As this Court has stated,

> [W]e do not believe that the Legislature [in MCL 769.34(3)] intended, in every case in which a minimal upward or downward departure is justified by "substantial and compelling" circumstances, to allow unreviewable discretion to depart as far below or as far above the guideline range as the sentencing court chooses. Rather, the "substantial and compelling" circumstances articulated by the court must justify the *particular* departure in a case, i.e., "that departure." [*People v Hegwood*, 465 Mich 432, 437 n 10 (2001) (emphasis in original).]

That is, what may constitute "substantial and compelling" circumstances in support of a five-month departure from the guidelines range may not constitute "substantial and compelling" circumstances in support of a 30-month departure. From the requirement that a sentencing departure must be assessed by reference to the *particular* departure in a case, i.e., "that departure," I believe it follows that there is an obligation upon the sentencing judge as he or she departs increasingly far from the guidelines range to be more increasingly specific in his or her articulation of "substantial and compelling" circumstances and to explain increasingly clearly why a lesser departure would be inadequate.

In the instant case, defendant's guidelines range was 2 to 34 months and he was sentenced to a term of 90 to 180 months. Thus, he was sentenced to a minimum term of imprisonment that was 265 percent of the minimum guidelines range. Although this departure may well be justified in light of defendant's criminal history and probation violations, I believe that a fuller articulation than was given here is required by the sentencing court in support of a departure of this magnitude, and I would remand for such a rearticulation.

Merely reciting a list of allegedly "substantial and compelling" factors, as the sentencing court did here, is not sufficient, in my judgment, to support a departure of this magnitude absent some explanation regarding why such factors -- some of which have already been taken into consideration by the guidelines -- require a nearly five-year increase in imprisonment beyond what the Legislature has established. That is, there must be at least some rudimentary effort by the sentencing court to show a connection between the "substantial and compelling" factors and the actual sentence imposed.

The legislative sentencing guidelines, in my judgment, represent an important step toward sentencing fairness. They are designed to ensure that equally situated criminals receive reasonably equivalent sentences. The guidelines have considerably strengthened the rule of law in the criminal sentencing process in the place of the rule of individual judges. The serendipity of whether a perpetrator draws a relatively severe or a relatively lenient sentencing judge is now of considerably less consequence. However, the guidelines can only succeed if the trial and appellate courts of this state take seriously their obligation to ensure that departures from the guidelines range are not viewed as

departures from the "sentencing uniformity" objective of the guidelines, and that departure sentences serve to promote, rather than to detract from, this objective.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2006

Clerk