PEOPLE v BEMER

Docket No. 284739. Submitted October 6, 2009, at Lansing. Decided
    October 15, 2009, at 9:10 a.m.

    Jeffrey L. Bemer pleaded guilty in the Jackson Circuit Court to
    unarmed robbery. The court, Edward J. Grant, J., sentenced
    defendant to 71 to 180 months in prison, and defendant applied for
    leave to appeal that sentence. In lieu of granting leave to appeal
    and in an unpublished order, entered December 21, 2006 (Docket
    No. 274648), the Court of Appeals ordered the trial court to rescore
    the sentencing guidelines and resentence defendant. After revising
    the score for one offense variable (OV), the trial court sentenced
    defendant to 57 to 180 months in prison. Defendant moved for
    resentencing, arguing that the trial court had erroneously scored
    OV 13 by considering an uncharged robbery that should have been
    included only in the conduct forming the basis of his score under
    OV 12, resulting in a lower OV point total. The trial court denied
    the motion, and defendant applied for delayed leave to appeal. The
    Court of Appeals denied leave to appeal in an unpublished order,
    entered May 15, 2008 (Docket No. 284739). In lieu of granting
    leave to appeal, the Supreme Court remanded the case to the
    Court of Appeals for consideration as on leave granted. 482 Mich
    1117 (2008).

        The Court of Appeals held: ˙

        The trial court erred by concluding that it could choose to not
    use the uncharged robbery when assessing points under OV 12 and
    instead use that conduct to score the OV that yielded the highest
    OV point total. MCL 777.22(1) requires the trial court to score
    both OV 12 and OV 13 when calculating a defendant's recom-
    mended minimum sentence range under the guidelines for any
    crime against a person (which includes unarmed robbery). The
    uncharged robbery occurred a few hours before the unarmed
    robbery for which defendant was being sentenced. Therefore, it
    was a contemporaneous felonious criminal act, as that term is
    defined in MCL 777.42(2), that the trial court was required to use
    when scoring OV 12. MCL 777.43 requires a trial court to assign
    points for OV 13 on the basis of a defendant's felonious acts that
    constitute a continuing pattern of criminal behavior, regardless of

whether an act resulted in a conviction. While the uncharged robbery would ordinarily be considered when scoring OV 13, MCL 777.43(2)(c) prohibits a trial court from considering conduct used in scoring OV 12 unless the conduct was related to membership in an organized criminal group, which it was not in this case. A trial court must score OV 12 using all conduct that qualifies as contemporaneous felonious criminal acts before proceeding to score OV 13, so the trial court erred in this case by considering the uncharged robbery when it scored OV 13. Because the recommended minimum sentence range for defendant is 19 to 38 months when OV 12 and OV 13 are properly scored, he must be resentenced.

Sentence vacated, and case remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLES — SCORING OFFENSE VARIABLES — CONTEMPORANEOUS FELONIOUS CRIMINAL ACTS — CONTINUING PATTERN OF CRIMINAL BEHAVIOR.

A sentencing court must score offense variable (OV) 12 (contemporaneous felonious criminal acts) using all conduct that qualifies as contemporaneous felonious criminal acts before proceeding to score OV 13 (continuing pattern of criminal behavior) (MCL 777.42, 777.43).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Henry C. Zavislak*, Prosecuting Attorney, and *Jerrold Schrotenboer*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*) for defendant.

Before: TALBOT, P.J., and WILDER and M. J. KELLY, JJ.

PER CURIAM. Defendant appeals by leave granted the sentence imposed after he pleaded guilty to unarmed robbery, MCL 750.530. The trial court sentenced defendant to 57 to 180 months in prison. On appeal, this Court must determine whether the trial court properly scored offense variables (OVs) 12 and 13. Specifically, this Court must determine how a defendant's uncharged criminal conduct must be scored when it could

be scored under either OV 12 or OV 13, but not both. We conclude that, when OV 12 and OV 13 are read together, it is clear that all conduct that can be scored under OV 12 must be scored under that OV before proceeding to score OV 13. Therefore, the trial court erred when it concluded that it could score the conduct at issue under the variable that yielded the highest total points. For this reason, we reverse defendant's sentence and remand for resentencing consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In October 2005, defendant entered the convenience store of a gas station located in Jackson County. Defendant purchased some items, but then asked the clerk for a tin of chewing tobacco. After the clerk rang up the tobacco, defendant pulled out a butcher's knife, brought it up to the attendant's chest, reached over the counter, and took all the $20 bills from the cash register.[1] Defendant then fled.

A few hours before the robbery in Jackson County, defendant allegedly robbed another convenience store in a gas station that was located in neighboring Washtenaw County. The Washtenaw County prosecutor apparently did not bring charges for that robbery.

After defendant's arrest for the robbery in Jackson County, the prosecutor agreed to drop the armed robbery charge, see MCL 750.529, in exchange for defendant's plea of guilty to the less serious offense of unarmed robbery. In addition, the prosecutor agreed that he would not seek a sentence enhancement under MCL 769.10 for defendant's prior felony conviction for

---

[1] When pleading to the present offense, defendant denied that he held the knife up to the clerk, but admitted that he had a knife in his hand where the clerk could see it.

resisting and obstructing a police officer. Defendant pleaded guilty to unarmed robbery in May 2006.

The trial court sentenced defendant in August 2006. At the sentencing hearing, the trial court indicated that it had changed the score for several variables. The trial court first noted that OV 1 should properly be scored at 15 points rather than 5. The trial court also determined that there were two victims within the meaning of OV 9: the clerk who was attending the store and the store itself. The trial court also increased OV 19 from zero points to 10 to reflect the fact that defendant left the jurisdiction and ultimately had to be extradited from Florida. Finally, the trial court examined whether OV 13 should be scored using defendant's prior conviction for resisting and obstructing an officer along with the uncharged robbery in Washtenaw County.

Defendant's counsel argued that the trial court should not score OV 13 using defendant's alleged commission of the robbery in Washtenaw County. The trial court disagreed and offered to hold a hearing to make findings of fact regarding that robbery. After some discussion, defendant's trial counsel indicated that he thought OV 13 was properly scored at zero points, but declined the trial court's offer to hold a hearing on the matter. Although the trial court noted that defendant had not been charged for the robbery in Washtenaw County,[2] it stated that it was satisfied—given the information previously supplied to the court—that defendant had committed that robbery. The trial court then determined that OV 13 should be scored at 25 points on

---

[2] The trial court did not make any findings concerning the possibility that defendant would eventually be charged for the robbery in Washtenaw County. However, the parties have proceeded on the assumption that defendant would not be subject to prosecution for this robbery. Therefore, we shall proceed accordingly.

the basis of its finding coupled with the existence of the felony at issue in this case and defendant's prior felony. With the revisions, defendant's recommended minimum sentence range was 36 to 71 months. The trial court elected to sentence defendant to a minimum of 71 months and a maximum of 180 months in prison.

Defendant then applied for leave to appeal his sentence. Given the prosecutor's confession of error regarding the scoring of OV 9, and in lieu of granting leave to appeal, this Court ordered the trial court to rescore the guidelines and resentence defendant. See *People v Bemer*, unpublished order of the Court of Appeals, entered December 21, 2006 (Docket No. 274648). This Court also stated that on remand, "either party shall be entitled to raise any other issue affecting sentencing." *Id.*

With the revision to the OV 9 score, the new recommended minimum sentence range was 29 to 57 months. In February 2007, the trial court sentenced defendant under the revised range to 57 months to 180 months in prison. Defendant then moved for resentencing on the basis that the trial court had erroneously scored OV 13. The trial court held a hearing to consider the scoring issue in September 2007. At the hearing, defendant's trial counsel argued that the uncharged robbery in Washtenaw County should be scored at 5 points under OV 12 and, because OV 13 provides that conduct scored under OV 12 cannot also be scored under OV 13, the proper score for OV 13 was zero points. This would then decrease the OV total by an additional 20 points.

The trial court disagreed that the uncharged robbery should be scored under OV 12. The trial court noted that if the uncharged robbery were scored under OV 12, there would not be sufficient remaining crimes to score OV 13. The trial court stated that because it had to

score OV 13 if it could, it had to consider the uncharged robbery under OV 13 rather than OV 12. For that reason, it denied the motion for resentencing.

Defendant then applied for delayed leave to appeal in this Court, which this Court denied "for lack of merit in the grounds presented." *People v Bemer*, unpublished order of the Court of Appeals, entered May 15, 2008 (Docket No. 284739). After this Court denied leave to appeal, defendant sought leave to appeal in our Supreme Court. In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Bemer*, 482 Mich 1117 (2008). Further, the Supreme Court instructed this Court to "address whether a sentencing judge has discretion under MCL 777.22(1) and MCL 777.42(1) to purposely score offense variable 12 at zero points in order to achieve a higher score under offense variable 13." *Id.* at 1117-1118.

## II. SCORING OV 12 AND OV 13

### A. STANDARD OF REVIEW

The proper interpretation of the sentencing guidelines is a question of law that this Court reviews de novo. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004).

### B. ANALYSIS

#### 1. SCORING OFFENSE VARIABLES

Unarmed robbery is an offense covered by the sentencing guidelines. MCL 777.16y. Accordingly, the trial court had to impose a minimum sentence within the range calculated under the sentencing guidelines. MCL 769.34(2). In order to determine the applicable range,

the trial court first had to score defendant's prior record variables (PRVs) and OVs, see MCL 777.21(1)(a) and (b), and then use those totals to determine "the recommended minimum sentence range from the intersection of the offender's offense variable level and prior record variable level" on the sentencing grid for the offense class to which unarmed robbery belongs. MCL 777.21(1)(c). The trial court was not required to score every OV enacted by the Legislature; rather, MCL 777.22 provides for the scoring of certain variables depending on the offense category of the crime. Unarmed robbery is in the category designated as crimes against a person. MCL 777.16y. MCL 777.22(1) provides: "For all crimes against a person, score offense variables 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 19, and 20." Under the clear dictates of this statutory language, trial courts do not have any discretion in the scoring of the listed variables—each variable must be scored.

### 2. SCORING OV 12 AND OV 13

Under MCL 777.42, the trial court had to determine whether defendant engaged in any "contemporaneous felonious criminal acts." If defendant did not engage in any contemporaneous felonious criminal acts, the trial court had to score OV 12 at zero points. MCL 777.42(1)(g). However, if defendant did engage in contemporaneous felonious criminal acts, the trial court had to evaluate the number of acts and whether the acts constituted crimes against a person or other crimes, see MCL 777.42(1)(a) to (f), and then assign "the number of points attributable to the [corresponding subdivision of the statute] that has the highest number of points," MCL 777.42(1). A felonious criminal act is defined to be contemporaneous if the act occurred within 24 hours of the sentencing offense and will not result in a separate

conviction. MCL 777.42(2)(a). However, MCL 777.42(2)(c) specifically provides that the trial court should not score conduct that was scored under OV 11, even though that conduct might otherwise constitute a contemporaneous felonious criminal act.

In this case, the trial court found that defendant had committed another robbery within hours of the robbery for which the trial court was sentencing defendant. Further, OV 11 did not apply to that conduct. See MCL 777.41. Thus, under the plain language of MCL 777.42(1)(d), the trial court had to score OV 12 at 5 points.

Under MCL 777.43, the trial court must score points under OV 13 on the basis of a defendant's felonious acts that constitute a continuing pattern of criminal behavior. If the sentencing offense was part of a pattern of felonious criminal activity involving three or more crimes against a person, the trial court must score OV 13 at 25 points. Former MCL 777.43(1)(b).[3] If there was no pattern of felonious criminal activity, the trial court must score OV 13 at zero points. MCL 777.43(1)(g). When determining the appropriate points under this variable, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). Although MCL 777.43(2)(a) clearly requires a trial court to consider all crimes within a 5-year period, this requirement must be understood in light of MCL 777.43(2)(c), which prohibits a trial court from considering conduct that was scored under MCL 777.41 and MCL 777.42 unless the conduct scored under those statutes was related to "membership in an organized criminal group . . . ." Accordingly, the trial court must

---

[3] This section is now codified at MCL 777.43(1)(c) after amendment by 2008 PA 562.

generally consider all crimes within a 5-year period except those crimes that were already scored under OV 11 and OV 12.

In the present case, defendant committed three offenses within the period applicable to OV 13: resisting and obstructing an officer, the unarmed robbery for which he was being sentenced, and the uncharged robbery that occurred just hours before the sentencing offense. Because all these crimes were crimes against a person, the offenses could constitute a pattern of felonious criminal activity involving three or more crimes against a person within the meaning of former MCL 777.43(1)(b), now MCL 777.43(1)(c).[4] Therefore, on the surface, the trial court was required to assign 25 points for OV 13. See *id.* However, as already noted, the trial court could not consider any conduct that was scored under OV 12 when determining the appropriate score under OV 13, unless the conduct at issue was related to defendant's participation in a criminal group. MCL 777.43(2)(c). Defendant's uncharged robbery was not related to any involvement in a criminal group. Accordingly, if it was properly scored under OV 12, the trial court could not consider it when scoring OV 13. The trial court recognized the limitations imposed under MCL 777.43(2)(c), but nevertheless determined that it could choose not to score the uncharged offense under OV 12 and, thereby, make it possible to score the conduct under OV 13. We do not agree that the trial court had this discretion.

The sentencing guidelines are a comprehensive and integrated statutory scheme designed to promote uniformity and fairness in sentencing. See *People v Bell*, 477 Mich 963 (2006) (MARKMAN, J., dissenting). For that

---

[4] Defendant does not contest that the crimes otherwise constituted a "pattern" within the meaning of the statute.

reason, the individual sentencing variables cannot be read in isolation, but instead must be read as a harmonious whole. *People v Cannon*, 481 Mich 152, 157 n 4; 749 NW2d 257 (2008). Typically, there is nothing to preclude a particular factor—in this case, criminal conduct—from serving as the basis underlying the scoring of multiple variables. Indeed, with regard to OV 13, a trial court may properly consider conduct that was already considered when scoring the defendant's PRVs. However, MCL 777.43(2)(c) specifically prohibits a trial court from considering conduct scored under MCL 777.42 when determining the score applicable under MCL 777.43(1). When construed in light of the Legislature's command that the trial court must score *both* OV 12 and OV 13, see MCL 777.22(1), the limitation provided under MCL 777.43(2)(c) must be understood to mean that, when scoring OV 13, the trial court cannot consider any conduct that was or *should have been* scored under MCL 777.42. That is, the trial court cannot avoid the limitation provided under MCL 777.43(2)(c) by simply ignoring its duty to properly score OV 12. Rather, consistent with the requirements of MCL 777.22(1) and MCL 777.43(2)(c), the trial court must score OV 12—and must score it using all conduct that qualifies as contemporaneous felonious criminal acts—before it can proceed to properly score OV 13.[5]

We also find inapposite the prosecution's reliance on *People v Harmon*, 248 Mich App 522; 640 NW2d 314 (2001), for the proposition that contemporaneous of-

---

[5] Given the limitations stated under MCL 777.42(2)(c) and MCL 777.43(2)(c), it is evident that the Legislature recognized the potential for overlap between these variables and concluded that, as a matter of public policy, it did not want a single criminal act resulting in scores under each variable. Further, these prohibitions strongly suggest that the Legislature intended trial courts to first score criminal acts under OV 11, then under OV 12, and finally under OV 13.

fenses are always properly considered under OV 13. In *Harmon*, the Court concluded that OV 13 was properly scored in light of the defendant's four concurrent convictions. *Id.* at 532. However, the propriety of using conduct that could have been scored under OV 12 to score OV 13 was not itself at issue. And, even if it had been, the four contemporaneous crimes each resulted in convictions. Thus, they were ineligible for consideration under OV 12. See MCL 777.42(2)(a)(*ii*). Because they could not be scored under OV 12, their use in scoring OV 13 did not implicate the prohibition stated in MCL 777.43(2)(c). For this reason, *Harmon* provides no useful guidance on the matter currently before this Court.[6]

### III. CONCLUSION

The trial court erred when it determined that it could choose not to score defendant's uncharged robbery under OV 12, even though the uncharged robbery constituted a contemporaneous felonious criminal act, in order to use it in scoring OV 13. Under MCL 777.22(1) and MCL 777.43(2)(c), the trial court had to score conduct that constituted a contemporaneous felonious act within the meaning of MCL 777.42 under OV 12 before it could proceed to score OV 13. Further, to the extent that the trial court should have scored defendant's uncharged robbery under MCL 777.42, it could not serve as a basis for scoring OV 13. See MCL 777.43(2)(c). When defendant's uncharged robbery is scored under OV 12 rather than OV 13, defendant's recommended minimum sentence range is 19 to 38

---

[6] The prosecution also relies on two unpublished cases that purportedly determined that a trial court has the discretion to score OV 13 or OV 12, but not both, on the basis of contemporaneous criminal conduct that could be scored under OV 12. To the extent that these cases could be said to stand for that proposition, we find them unpersuasive and decline to follow them. See MCR 7.215(C)(1).

months in prison. See MCL 777.64. Because the change in the total OV points alters the recommended minimum sentence range, we must vacate defendant's sentence and remand for resentencing. See *People v Francisco*, 474 Mich 82, 88-92; 711 NW2d 44 (2006).

We vacate defendant's sentence and remand for resentencing consistent with this opinion. We do not retain jurisdiction.