# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 9, 2014

Plaintiff-Appellee,

v

No. 316356
Muskegon Circuit Court
YOLANDA RICHELLE TERRELL,                                LC No. 12-061767-FH

Defendant-Appellant.

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant Yolanda Richelle Terrell appeals by leave granted the sentences imposed after she pleaded no contest to second-degree fleeing and eluding, MCL 257.602a(4)(a), to operating a motor vehicle while intoxicated causing incapacitating injury, MCL 257.625(5), and to possessing less than 25 grams of a controlled substance, MCL 333.7403(2)(a)(*v*). The trial court sentenced her as a fourth habitual offender, MCL 769.12, to serve 8 to 30 years in prison for her fleeing and eluding conviction, to serve 8 to 30 years in prison for her operating a motor vehicle while intoxicated conviction, and to serve 5 to 15 years in prison for her possession of a controlled substance conviction. Because we conclude there were no errors warranting resentencing, we affirm Terrell's sentences. Nevertheless, we remand this case to the trial court for the ministerial task of correcting her sentencing information report.

In February 2012, Officer Emelio Trejo was on patrol when he saw Terrell driving a car. Trejo had reason to believe that Terrell was driving under the influence so he activated his overhead lights and sirens, but Terrell did not pull over. Instead, she increased her speed. Terrell tried to drive through an intersection against the light, but collided with two other vehicles. William Johnson was in one vehicle and Gerrit and Rebecca Flickema were in the other. Tests later showed that Terrell had cocaine and benzodiazepines in her system and officers found 23 grams of cocaine in her car. Terrell pleaded no contest to the charges under a *Cobbs*[1] agreement.

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

In December 2012, Terrell moved for resentencing, arguing that the trial court improperly scored offense variables (OV) 3 and 12. She also argued that her lawyer's failure to object to the scoring of those variables constituted ineffective assistance. The trial court denied the motion on the ground that Terrell waived her claims by indicating at the hearing that she did not have any "additions or corrections" to the sentencing information report. The trial court also determined that, even if her lawyer's failure to object at sentencing fell below an objective standard of reasonableness, there was no "reasonable probability that, but for the error, the sentence would have been different."

On appeal, Terrell argues the trial court erred when it scored OV 3 and OV 12. As a preliminary matter, we do not agree that Terrell clearly waived any claim of error with regard to the scoring of these variables. *People v Hershey*, 303 Mich App 330, 349-354; 844 NW2d 127 (2013). Moreover, because she raised her challenges in a motion for resentencing before the trial court, her arguments are preserved. MCL 769.34(10). This Court reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines. *People v Bemer*, 286 Mich App 26, 31; 777 NW2d 464 (2009). However, we review the factual findings underlying the trial court's scoring for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Terrell first argues that the trial court improperly scored OV 3 at 25 points. The trial court had to score 25 points under OV 3 if "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). A "victim" includes any person harmed as a result of the offender's conduct, not just the victim of the sentencing offense. *People v Albers*, 258 Mich App 578, 593; 672 NW2d 336 (2003).

Here, there is no evidence that any of the victims suffered a life-threatening or permanent incapacitating injury as a result of Terrell's flight. See MCL 777.33(1)(c). Rebecca Flickema complained of back pain, but was never diagnosed with an injury. Likewise, although Gerrit Flickema complained of chest pain, he stated that he thought it was from his seatbelt and he was later diagnosed with a broken rib and there is no evidence in the record that his broken rib was life-threatening or permanently incapacitating. Finally, Johnson suffered a broken forearm, a broken leg, and a laceration on his face. Because the record does not show that any of the injuries were life-threatening or permanently incapacitating, the trial court should have scored OV 3 at 10 points. See MCL 777.33(1)(d).

Terrell next argues that the trial court improperly scored OV 12 at five points. A trial court must score five points under OV 12 if the defendant committed one "felonious criminal act involving a crime against a person" within 24 hours of the sentencing offense and that offense has not and will not result in a separate conviction. MCL 777.42(1)(d); MCL 777.42(2)(a). On appeal, the prosecutor argues that the trial court properly scored OV 12 because Terrell was only charged with one count of second-degree fleeing and eluding even though she injured more than one victim.

An individual is guilty of second-degree fleeing and eluding where the defendant flees and eludes a police officer, as discussed in MCL 257.602a(1), and "[t]he violation results in serious injury to an individual." MCL 257.602a(4)(a). Terrell was charged with and convicted of one count of second-degree fleeing and eluding with respect to Johnson's injuries. Assuming without deciding that Terrell could have been charged with multiple counts of fleeing and

eluding on the basis of the number of persons injured during her flight, see *People v Wakeford*, 418 Mich 95, 107,111-113; 341 NW2d 68 (1983) (discussing the unit of prosecution test for determining whether the Legislature intended to permit multiple convictions for the same conduct under a single statute), the preponderance of the evidence does not establish that any of the remaining victims suffered a serious injury as required under MCL 257.602a(7).

As already noted, the record shows that Rebecca Flickema complained about back pain, but that there is no evidence that she was ever diagnosed with an injury. Likewise, Gerrit Flickema had some chest pain and was diagnosed with a broken rib, but the evidence shows that his injury did not rise to the level of a serious injury as defined under MCL 257.602a(7). Although he had a bone fracture, there is no evidence that the broken rib seriously impaired the functioning of a body organ or limb, or constituted a "serious bone fracture." MCL 257.602a(7)(i). Indeed, he did not initially realize that his rib was broken and he was "doing okay" the day after the accident. The trial court should have scored OV 12 at zero. See MCL 777.42(1)(g).

Although the trial court should have scored OV 3 at 10 points and scored OV 12 at zero, these errors do not warrant relief. Even with a reduction of 20 points, Terrell's guideline range remains the same. MCL 777.65; MCL 777.21(3)(c). Thus, she is not entitled to resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Further, because her trial lawyer's failure to object to the scoring of these variables did not prejudice her sentencing, she is not entitled to relief on her claim of ineffective assistance of counsel. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). Nevertheless, because we agree that OVs 3 and 12 were improperly scored, we remand to the trial court for the ministerial task of correcting Terrell's sentencing information report to reflect a score of 10 points for OV 3 and a score of zero points for OV 12. MCR 7.216(A)(7).

We affirm Terrell's sentences, but remand for the correction of Terrell's sentencing information report to reflect the proper scores. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro