# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALBERT LEWIS WOODS, JR.,

        Defendant-Appellant.

UNPUBLISHED
May 26, 2015

No. 320332
Kent Circuit Court
LC No. 11-009552-FC

Before: DONOFRIO, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his sentence for armed robbery, MCL 750.529, and conspiracy to commit armed robbery, MCL 750.157a(a). We affirm.

Defendant previously appealed as of right his convictions and sentence. *People v Woods*, unpublished opinion per curiam of the Court of Appeals, issued December 19, 2013 (Docket No. 311452). This Court affirmed defendant's convictions but remanded for resentencing because the trial court erred when it scored OV 13. *Id.* at 18. Defendant's resentencing is the subject of the instant appeal.

On appeal, defendant challenges the trial court's scoring of OV 12 at resentencing. At the initial sentencing, the trial court scored OV 12 at zero points, but on resentencing, the court scored OV 12 at 25 points. Defendant claims that it was impermissible for the trial court to have changed the scoring for this offense variable and that it evidences vindictiveness on the part of the court. Importantly, defendant does not challenge whether the facts actually supported the scoring of 25 points for OV 12.[1] Accordingly, our review is limited to the issue of whether the court had the authority to score OV 12. Cf. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009) (stating that the failure to provide any argument or analysis of any argument results in the issue being abandoned).

---

[1] Indeed, defendant even concedes in his brief on appeal that "[i]n a strictly technical sense, there may be a basis to score OV 12 at 25 points."

Defendant's argument challenges the power or authority of the trial court. The scope of a trial court's powers is a question of law that we review de novo. *Hill v City of Warren*, 276 Mich App 299, 305; 740 NW2d 706 (2007).

At resentencing, the case is before the trial court in a presentence posture. *People v Rosenberg*, 477 Mich 1076, 1076; 729 NW2d 222 (2007); see also *People v Williams (After Second Remand)*, 208 Mich App 60, 65; 526 NW2d 614 (1994) ("When a case is remanded from our Court because the entire sentence is invalid, every aspect of the sentence is before the judge de novo unless the remand indicates otherwise."). Because a case which has been remanded for resentencing is in a presentence posture, the trial court is required to re-score the sentencing variables (OVs and PRVs) for the sentencing offense. *People v Bemer*, 286 Mich App 26, 31-32; 777 NW2d 464 (2009). The trial court does not have discretion in scoring the offense variables; it is required to score the applicable OVs. *Id*. Thus, contrary to defendant's argument, the trial court was, as a matter of law, required to score OV 12 at resentencing.

Further, nothing about the resentencing supports defendant's claim of retaliatory or vindictive sentencing. "When a defendant is resentenced by the same judge and the second sentence is longer than the first, there is a presumption of vindictiveness. That presumption may be overcome if the trial court enunciates reasons for doing so at resentencing." *People v Colon*, 250 Mich App 59, 66; 644 NW2d 790 (2002) (quotations and citation omitted). Here, however, defendant received a lesser minimum sentence at resentencing by the same judge who presided over the original sentencing. Moreover, the sole basis for defendant's claim of vindictiveness was the fact that the trial court changed its scoring for OV 12. As already discussed, the trial court was required to score all of the OV anew. Accordingly, defendant has failed to show that the trial court imposed a retaliatory sentence when it scored OV 12 at resentencing.

Defendant also argues in his Standard 4 brief that the trial court erred when it stated "as a matter of law" that it was required to enhance defendant's *maximum* sentence based on his habitual offender status. We review this unpreserved issue for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

When sentencing a defendant as a habitual offender, the trial court must exercise its discretion in setting the maximum sentence. *People v Turski*, 436 Mich 878, 878; 461 NW2d 366 (1990). The trial court is not required by law to increase the maximum sentence. *Id*. And, in fact, it is improper for the trial court to indicate that "as a matter of law" it was required to enhance defendant's maximum sentence based on the habitual offender statutes, MCL 769.10, MCL 769.11, and MCL 769.12. *Id*. However, contrary to defendant's assertion, the trial court did not state that "as a matter of law" it was increasing defendant's maximum sentence. Instead, the trial court stated,

> I say as a matter of law to the appellate courts, if there's a determination that my sentence calculations were incorrect and that the sentence should have been in the 81 to 270 month range, my sentence would be exactly the same, exactly the same to the day.

Therefore, it is clear that the trial court was only stating that if on appeal, it was determined that defendant's sentencing guidelines range should be decreased to the 81-to-270-month range,[2] the court would impose the same sentence of 22 to 50 years. And because the minimum sentence of 22 years or 264 months falls within that lower guidelines range as well, this Court would not have to remand for resentencing. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Resentencing is also not required where the trial court has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range."). Moreover, armed robbery has a maximum sentence of life imprisonment. MCL 777.16y. Thus, contrary to defendant's argument, the trial court did not increase defendant's maximum sentence when it sentenced defendant to 22 to 50 years for his armed robbery conviction. Accordingly, defendant has not established the existence of any plain error.

Affirmed.

/s/ Pat M. Donofrio
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause

---

[2] Defendant's OV and PRV score at resentencing resulted in a minimum sentencing guidelines range of 108 to 360 months.