*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NICHOLAS LEE BOWNS,

Defendant-Appellant.

UNPUBLISHED
February 10, 2022

No. 356036
Allegan Circuit Court
LC No. 19-022361-FC

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

Defendant, Nicholas Lee Bowns, appeals by leave granted[1] his sentence for his conviction of second-degree criminal sexual conduct (CSC-II), MCL 750.520c. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Bowns pleaded guilty of sexually assaulting his 16-year-old daughter by rubbing his penis on her buttocks. In exchange for his plea, the prosecution dismissed a charge of first-degree criminal sexual conduct and agreed to recommend a sentence in the middle of the sentencing guidelines as scored by the trial court. Subsequently, over a defense objection to the scoring of offense variables (OVs) 8, 12, and 19, the trial court determined that the minimum sentence guidelines range was 19 to 38 months. Thereafter, the court sentenced Bowns to 28 months to 15 years' imprisonment.

---

[1] *People v Bowns*, unpublished order of the Court of Appeals, entered February 17, 2021 (Docket No. 356036).

## II. SENTENCE

### A. STANDARD OF REVIEW

Bowns argues that the trial court erred by scoring OVs 8, 12, and 19. This Court reviews for clear error the trial court's findings in support of points it assesses under the sentencing guidelines. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The trial court's factual determinations "must be supported by a preponderance of the evidence." *Id*.

### B. ANALYSIS

#### 1. OV 8

OV 8 addresses asportation or captivity of a victim. MCL 777.38. The trial court must assess 15 points if "[a] victim was asported to another place of greater danger or to a situation of greater danger . . . ." MCL 777.38(1)(a). Asportation occurs if "a victim is carried away or removed 'to another place of greater danger or to a situation of greater danger.' " *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017), quoting MCL 777.38(1)(a). The movement of the victim does not need to "be greater than necessary to commit the sentencing offense," nor does the statute exclude "the movement of a victim that is only incidental to that offense." *Id*. "A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014).

The record reflects that Bowns sexually assaulted his daughter while they were inside a semi-truck at a truck stop. In an affidavit submitted with his request for resentencing, Bowns contends that he left his wife's home because she created a hostile environment, that he went to a friend's house with his daughter, and that they left his friend's house and traveled to the truck stop so that they could sleep in his semi-truck. Although he admits that he moved his daughter from his wife's house to his friend's house and then to the semi-truck in the parking lot of a truck stop, he asserts that because the movement was simply the next step in an over-the-road trip that his daughter had requested, points should not be assessed. However, the plain language of the statute does not require that the movement of the victim be against the victim's will. Instead, "movement of a victim that is incidental to the commission of a crime nonetheless qualifies as asportation." *Barrera*, 500 Mich at 22. Thus, regardless of the reason for the movement, the record supports the court's finding that Bowns asported his daughter.

Furthermore, the place he asported her to was a place involving greater danger. He took his daughter from both his wife's house and his friend's house and transported her to a truck stop. He then took her inside his semi-truck. The curtains on the semi-truck were drawn closed, thereby preventing anyone from looking inside and seeing Bowns sexually assault his daughter. Because he moved her to a location that was away from the presence or observation of others, the requirement that the asportation be to a place of greater danger is satisfied in this case. See *Chelmicki*, 305 Mich App at 70-71. Because the record—including Bowns's own statements—shows that he moved his daughter to a place of greater danger before assaulting her, the trial court did not clearly err by scoring OV 8 at 15 points.

## 2. OV 12

OV 12 addresses contemporaneous felonious criminal acts against a person. MCL 777.42. The court must assess 10 points if the offender commits two contemporaneous felonious criminal acts against a person. MCL 777.42(1)(b). A felonious criminal act is contemporaneous when it "occurred within 24 hours of the sentencing offense and will not result in a separate conviction." *People v Bemer*, 286 Mich App 26, 32; 777 NW2d 464 (2009). In order to properly assess points for OV 12, the trial court "must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). Here, although Bowns argues that he only "acknowledged" one offense and denied his daughter's additional allegations, there is no requirement that Bowns admit to the additional offenses. Bowns's daughter stated that she woke up on June 28, 2018, with Bowns touching her vaginal area through her pants while he masturbated. She stated that she rolled over and he rubbed his penis on her back. Those two offenses occurred between midnight and approximately 1:30 a.m. on June 28, 2018. She also disclosed that the prior day he had rubbed her buttocks. Although she did not specify the exact time she was sexually assaulted on June 27, 2018, because the incident on the 28th occurred so early in the morning, it is reasonable to infer that it was within the 24-hour period. Thus, in addition to the sentencing offense, the record reflects that within a 24-hour period, Bowns committed two additional felonies against a person because he (1) rubbed his daughter's buttocks the previous day and (2) touched her vaginal area while he was masturbating. Because the record supports the trial court's finding that there were two contemporaneous felonies against a person, the score of 10 points for OV 15 was proper.

## 3. OV 19

Finally, Bowns argues that the trial court erred by assessing 10 points for OV 19. The trial court must score OV 19 at 10 points if an offender "interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). Interference with the administration of justice "encompasses more than just the actual judicial process," and the conduct need not "necessarily rise to the level of a chargeable offense" or constitute obstruction of justice. *People v Barbee*, 470 Mich 283, 287-288; 681 NW2d 348 (2004). "The investigation of crime is critical to the administration of justice." *Id*. at 288. Although the scoring of OVs is generally limited to the sentencing offense, a trial court may properly assess points for OV 19 on the basis of a defendant's conduct after completing the sentencing offense. *People v Smith*, 488 Mich 193, 195, 202; 793 NW2d 666 (2010).

In this case, the police interviewed Bowns and his daughter separately. The officer who interviewed Bowns asked him "if there were any issues occurring inside the semi-truck," if Bowns "had assaulted [his daughter] in any way," or if he had "inappropriately touched [his daughter] in any way." Bowns responded in the negative to each question. The officer then asked if Bowns had touched his daughter "in any way that may be interpreted as sexual in nature." Bowns admitted to giving her a back massage the day before, but he denied that it was sexual. He then provided a story to the officer about his daughter's friend's cat dying. Thereafter, the officer confronted Bowns with his daughter's statements indicating that Bowns had sexually assault her. In response, Bowns told the officer that his daughter was lying and adamantly stated that he did not sexually assault his daughter. He also provided a written statement denying the allegations. Subsequently, while pleading guilty to CSC-II, Bowns testified that he had rubbed his penis on his daughter's

buttocks. In light of his admission under oath at the plea hearing, the record clearly reflects that he was lying when he repeatedly denied sexually assaulting his daughter. Providing false information to a police officer during an investigation constitutes interference with the administration of justice. *Id*.

In *Barbee*, the offender was scored 10 points after he provided a false name to the investigating officers. *Id*. Bowns argues that there is a difference between providing a false name to police officers and simply falsely denying that a crime has occurred because under the former scenario the police might investigate an innocent person. No such distinction exists in the statutory language, however. Instead, the interference—or the attempted interference—with the administration of justice is sufficient to warrant a score of 10 points. The key inquiry is not into whether the offender's lie or misleading statement will affect innocent individuals. Rather, it is whether the offender made the false or misleading statement in an attempt to direct the police investigation away from him or her. In this case, it can be reasonably inferred that Bowns denied sexually assaulting his daughter—and made up a story about her being upset about a friend's dead cat—in order to avoid criminal liability.[2]

### 4. INEFFECTIVE ASSISTANCE

Finally, Bowns argues that his lawyer provided ineffective assistance. "When no *Ginther*[3] hearing has been conducted, our review of the defendant's claim of ineffective assistance of counsel is limited to mistakes that are apparent on the record." *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005). To prevail, the defendant must show that his lawyer's performance was deficient and the deficient performance prejudiced the defense. *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). A lawyer's performance is deficient if it falls "below an objective standard of professional reasonableness." *Id*. Further, in order to establish

---

[2] Bowns also argues that if an offender's lie is limited to a false denial of a lie told by the police, then points should not be assessed under OV 19. In support, he directs this Court to Article 1, Section 17 of the Michigan Constitution, which provides:

> No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law. The right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed." [Const 1963, art 1, § 17.]

However, beyond proclaiming that the second sentence should be interpreted in conjunction with OV 19, he does not offer any analysis or authority supporting his position. As a result, we conclude that this argument is abandoned. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority.").

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

prejudice, the defendant must show that there is a reasonable probability that, but for his or her lawyer's error, the outcome of the proceedings would have been different. *Id.*

Bowns first argues that his lawyer provided ineffective assistance because he did not request an evidentiary hearing related to the scoring of OVs 8, 12, and 19. His lawyer, however, objected to the scoring of OVs 8, 12, and 19, and made the same arguments that Bowns now makes on appeal. Given that the record was sufficient to support the argument against scoring the OVs, we conclude that the defense lawyer's failure to request an evidentiary hearing did not fall below an objective standard of reasonableness so as to constitute deficient performance. Moreover, even if an evidentiary hearing had been held, Bowns cannot show that but for his lawyer's allegedly deficient performance, the outcome of the proceeding would have been different. In his motion for resentencing, Bowns presented the additional facts that he believed were relevant to the scoring of OVs 8, 12, and 19. After considering those additional facts, the trial court denied the motion for resentencing. Accordingly, on this record, there is not a reasonable probability that the outcome of his sentencing hearing would be different if those facts had been presented at an evidentiary hearing prior to the initial sentencing hearing.

Bowns next argues that he believed his guidelines range would be either 12 to 24 months or 10 to 19 months. He contends that his lawyer was ineffective for failing to warn him that his guidelines range might be higher. However, there is nothing on the record supporting Bowns's contention that he was not advised that the guidelines might be higher. Instead, at the plea hearing, the prosecution stated that it had "agreed to recommend a sentence in the middle of the sentencing guidelines *as scored by the Court*." (Emphasis added.) Thereafter, Bowns stated that he heard what was said about the plea agreement and that he understood it. Consequently, the record only reflects that there was an agreement for a middle-of-the-guidelines score and that the guidelines had yet to be scored by the court. The defendant bears the burden of establishing the factual predicate for his or her claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). He has not done so here. And, even if he could show that his lawyer had failed to advise him that, based on the court's scoring of the guidelines, he might have a higher sentencing range, Bowns had not alleged that such a warning would have resulted in his rejection of the plea agreement. As a result, his claim of ineffective assistance is without merit.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford

-5-