*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 20, 2023

v

No. 359775
Ottawa Circuit Court
LC No. 20-044238-FH

JASON ALLEN TANIS,

Defendant-Appellant.

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of aggravated possession of child sexually abusive material, MCL 750.145c(4)(b), and using a computer to commit a crime, MCL 752.796; MCL 752.797(3)(e). The trial court sentenced defendant to consecutive prison terms of 60 to 120 months for aggravated possession of child sexually abusive material and 15 to 120 months for using a computer to commit a crime. For the reasons stated in this opinion, we affirm.

Defendant's convictions stem from a search of his laptop after it was flagged for downloads of child sexually abusive material. A forensic investigation of the laptop showed that defendant had typed known child sexually abusive material terms into the laptop's search engine and downloaded approximately 2,400 files containing child sexually abusive images and videos.

On appeal, appellate counsel raises several arguments on behalf of defendant, including that defendant's computer-crime conviction was not supported by sufficient evidence, defendant cannot be convicted under a different statute than the statute he was charged under, and the trial court erred by imposing consecutive sentences. In a Standard 4 Brief,[1] defendant claims that the trial court erred when it imposed a 10-year maximum sentence when he was convicted under a

---

[1] Defendant's Standard 4 Brief was filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4.

statute that permits a maximum sentence of four years. Defendant also argues that the trial court improperly scored the sentencing guidelines. We will address each argument in turn.

## I. SUFFICIENCY OF THE EVIDENCE

Appellate counsel first argues that there was insufficient evidence to convict defendant of fraudulent access to computers, MCL 752.794. However, defendant was not convicted under that statute. Instead, defendant was charged with violating MCL 752.796 and MCL 752.797(3)(e), and there was sufficient evidence presented for a reasonable jury to find defendant guilty of using a computer to commit a crime in contravention of those statutes.[2]

"Due process requires that the evidence show guilt beyond a reasonable doubt in order to sustain a conviction." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of the crime. See *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

Defendant was charged with and convicted of use of a computer to commit a crime. As stated on defendant's felony information, use of a computer to commit a crime is contrary to both MCL 752.796 and MCL 752.797(3)(e). MCL 752.797(3)(e) states in pertinent part:

> (3) A person who violates *section 6* is guilty of a crime as follows:
>
> * * *
>
> (e) If the underlying crime is a felony punishable by a maximum term of imprisonment of 10 years or more but less than 20 years, the person is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $10,000.00, or both. [Emphasis added.]

The "section 6" in question is MCL 752.796, which states in relevant part:

> A person shall not use a computer program, computer, computer system, or computer network to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime. [MCL 752.796(1).]

---

[2] We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 330 Mich App 41, 46; 944 NW2d 370 (2019). "In evaluating defendant's claim regarding the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020) (quotation marks and citation omitted). "Direct and circumstantial evidence, including reasonable inferences arising from the use of circumstantial evidence, may provide sufficient proof to meet the elements of a crime." *Bailey*, 330 Mich App at 46.

Appellate counsel does not argue that there was insufficient evidence presented to support a conviction under MCL 752.796. Instead, he maintains that there were no proofs to support a conviction under MCL 752.794. Appellate counsel's reliance on MCL 752.794 is difficult to follow. It appears appellate counsel has misread MCL 752.797(3)(e) as referring to "section 4," i.e., MCL 752.794, which states:

> A person shall not intentionally access or cause access to be made to a computer program, computer, computer system, or computer network to devise or execute a scheme or artifice with the intent to defraud or to obtain money, property, or a service by a false or fraudulent pretense, representation, or promise.

However, nothing in the record cites MCL 752.794 or refers to use of a computer to defraud. The felony information and amended felony information[3] both charged defendant with using a computer to commit a crime in violation of MCL 752.796 and MCL 752.797(3)(e). At trial, the jury was instructed on the elements of MCL 752.796. And the judgment of sentence refers to MCL 752.797(3)(e), which incorporates MCL 752.796, not MCL 752.794. Accordingly, appellate counsel's argument that the prosecution did not present sufficient evidence to convict defendant under MCL 752.794 is irrelevant and without merit.

Further, sufficient evidence was presented for a reasonable jury to find that defendant used a computer to commit the crime of possession of child sexually abusive material in contravention of MCL 752.796. The prosecution presented evidence that defendant's IP address was used to download child sexually abusive material. Further, the prosecution presented evidence that defendant had typed known child sexually abusive material terms into the laptop's search engine and downloaded approximately 2,400 files containing child sexually abusive images and videos. After listening to the witnesses and viewing portions of the videos downloaded on the laptop, the jury convicted defendant of both possession of child sexually abusive material and using a computer to commit a crime. This Court does not second-guess the credibility determinations of the jury. See *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992).

## II. RIGHT TO BE INFORMED OF CHARGES

Appellate counsel also argues that defendant was not informed of the charges under which he was tried and convicted. We disagree. Defendant was properly informed of the charges for which he was tried and convicted.[4]

---

[3] An amended information was filed to drop a charge of aggravated distributing or promoting of child sexually abusive activity, MCL 750.145c(3)(b).

[4] Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). This Court may grant relief if defendant meets the four-part *Carines* test. *Id*. A defendant must establish "that (1) an error occurred, (2) the error was 'plain'—clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id*.

Criminal defendants have the constitutional right "to be informed of the nature and cause of the accusation." US Const Am XI; Const 1963, art 1, § 20. "A constitutionally sufficient charging document contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend . . . ." *People v Beck*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket Nos. 160668-9); slip op at 21 (quotation marks and citation omitted).

Appellate counsel argues that defendant cannot be convicted under MCL 750.145d (use of a computer to commit specified crimes) when he was not charged with a violation of that statute. Once again, appellate counsel's argument is difficult to discern. Defendant was not convicted of violating MCL 750.145d. Instead, defendant was charged and convicted under MCL 752.796 and MCL 752.797(3)(e), as discussed, and he was also charged and convicted of aggravated possession of child sexually abusive material, MCL 750.145c(4)(b). Defendant had notice of these charges in the felony information and the amended felony information.

It appears that defendant could have been charged under MCL 750.145d because MCL 750.145c is listed as one of the underlying offenses, see MCL 750.145d(1)(a), but he was not. If appellate counsel is alluding to some alleged defect in the jury instructions or the prosecutor's charging decision, such an argument needs to be made expressly. As it stands, appellate counsel has effectively abandoned this issue by failing to explain how the caselaw he relies on applies to the facts of this case.[5] See *People v Henry*, 315 Mich App 130, 148-149; 889 NW2d 1 (2016).

## III. CONSECUTIVE SENTENCES

Appellate counsel next argues that the trial court did not have the statutory authority to sentence defendant to consecutive sentences under MCL 752.797(4). Further, appellate counsel argues that the trial court failed to sufficiently explain its reasons for imposing consecutive sentences. We disagree on both counts.[6]

The Michigan Supreme Court has demonstrated a preference for concurrent sentencing. *People v Chambers*, 430 Mich 217, 229; 421 NW2d 903 (1988). "[A] consecutive sentence may be imposed only if specifically authorized by statute." *People v Clark*, 315 Mich App 219, 226; 888 NW2d 309 (2016). In cases where the trial court has discretion to impose a consecutive

---

[5] Appellate counsel relies on *Cole v Arkansas*, 333 US 196, 201; 68 S Ct 514; 92 L Ed 644 (1948), in which the United States Supreme Court held that the petitioners were denied due process because their convictions were affirmed under § 2 of a statute when they were charged and convicted under § 1 of the same statute. *Cole* is inapplicable on its face, however, because the judgment of sentence shows that defendant was convicted of the charges alleged in the felony information and the amended felony information.

[6] We review for an abuse of discretion a trial court's decision to impose discretionary consecutive sentences. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008).

sentence and chooses to exercise that discretion, the court must provide "particularized reasons" supporting that decision. *People v Norfleet*, 317 Mich App 649, 666; 897 NW2d 195 (2016).

MCL 752.797(4) authorizes consecutive sentencing for a conviction under MCL 752.797(3)(e). Specifically, MCL 752.797(4) states:

> The court may order that a term of imprisonment imposed under subsection (3) be served consecutively to any term of imprisonment imposed for conviction of the underlying offense.

Appellate counsel's argument that there was no statutory authority for consecutive sentencing in this case is again premised on a misreading of MCL 752.797. Specifically, appellate counsel maintains that MCL 752.797(4) applies only to violations of "section 4," i.e., MCL 752.794. This argument is without merit. MCL 752.797(4) refers to MCL 752.797(3), which in turn incorporates, MCL 752.796, as discussed. As explained in Issue I, defendant was correctly charged and convicted under MCL 752.796 and MCL 752.797(3)(e). Accordingly, the trial court had statutory authority under MCL 752.797(4) to order that the sentence for the computer-crime offense be served consecutively to a term of imprisonment for the underlying offense, i.e., aggravated possession of child sexually abusive material.

Moreover, the trial court sufficiently explained why it exercised this discretion in defendant's case. Defendant argues that the fact that he had hundreds of images of pornography does not distinguish his case from any other conviction under this statute. The trial court explained that defendant had "thousands of images, hundreds of tapes" of child pornography. MCL 750.145c(4)(b), the underlying offense that defendant was convicted under in Count 1, refers to possession of "more than 100 images of child sexually abusive material." The evidence at trial showed that defendant downloaded thousands of files depicting prepubescent child pornography. The fact that defendant was found with thousands of images makes his case distinguishable from other convictions under this statute.

Defendant also argues that the trial court condemned defendant for mounting a defense at trial. The trial court's discussion of defendant's defense strategy was responsive to defendant's allocution at sentencing. Defendant argued that he should get time served or be sentenced to county jail because he needed to care for his girlfriend and 17-year-old son. After defendant concluded his allocution, the trial court rejected the assertion that defendant cared about his son because his defense at trial was to pin the blame for the child pornography on his son.

In sum, the trial court had a proper statutory basis for imposing consecutive sentences on defendant and provided sufficient reasoning for its decision to impose consecutive sentences.

## IV. PRIOR RECORD VARIABLE

Appellate counsel also argues that the trial court incorrectly assessed 10 points for prior record variable (PRV) 7, which required a showing of one subsequent or concurrent felony

conviction. We disagree, defendant is not entitled to resentencing because PRV 7 was assessed the correct score of 10 points.[7]

MCL 777.57(1)(b) states that PRV 7 is assessed 10 points when the "offender has 1 subsequent or concurrent conviction." Further, MCL 777.57(2)(a) requires the trial court to assess an offender points "if the offender was convicted of multiple felony counts . . . ." Defendant was charged and convicted of two total offenses, aggravated possession of child sexually abusive material, MCL 750.145c(4)(b), and using a computer to commit a crime, MCL 752.796; MCL 752.797(3)(e), meaning defendant had a concurrent conviction. Therefore, the trial court properly assessed defendant 10 points under PRV 7. Appellate counsel's argument to the contrary is based solely on the repeated contention that defendant was improperly convicted of the computer-crime offense. For the reasons discussed, this argument is without merit.

## V. STANDARD 4 BRIEF

### A. IMPOSITION OF A 10-YEAR MAXIMUM SENTENCE

Defendant argues that he was convicted under "MCL 750.145c(4)(A)(1)," which carries a maximum sentence of four years, and that the trial court violated defendant's rights by sentencing him to a 10-year maximum under "MCL 750.145c(4)(B)(1)." This argument lacks merit.[8]

Defendant's argument is apparently premised on his misunderstanding of the difference between the code under the Michigan Compiled Laws and the Prosecuting Attorneys Coordinating Council (PACC) Electronic Warrant Manual. Neither "MCL 750.145c(4)(A)(1)" nor "MCL 750.145c(4)(B)(1)" exist. Instead, defendant apparently confuses PACC Code 750.145C4-A1, which was cited in the felony information and the judgment of sentence, for a statute within the Michigan Compiled Laws. PACC Code 750.145C4-A1, Child sexually abusive material— aggravated possession, corresponds to MCL 750.145c(4)(b) in the manual.

Defendant was charged, tried, and convicted under MCL 750.145c(4)(b). The felony information, jury instructions, and judgment of sentence make this clear. MCL 750.145c(4)(b) permits the trial court to sentence defendant to a maximum of 10 years' imprisonment.[9] Because

---

[7] When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

[8] Unpreserved issues are reviewed for plain error affecting substantial rights. *Cain*, 498 Mich at 116.

[9] MCL 750.145c(4)(a) provides for a maximum penalty of four years' imprisonment. However, MCL 750.145c(4)(b) applies "[i]f the child sexually abusive activity or child sexually abusive material involves a prepubescent child, sadomasochistic abuse or bestiality, or includes a video or more than 100 images of child sexually abusive material . . . ."

defendant was charged and convicted under this statute, the trial court did not commit legal error by sentencing defendant to the statutory maximum of 10 years.

## B. THE TRIAL COURTS REJECTION OF DEFENDANT'S PRO SE MOTION

Defendant next argues that the trial court impermissibly rejected his pro se motion to correct an invalid sentence without consideration. This Court does not need to consider defendant's argument regarding the motion because it was not set forth in the statement of questions presented. See MCR 7.212(C)(5); *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009). This issue is waived.

## C. SENTENCING ERROR

Finally, defendant argues that the trial court improperly scored offense variables (OV) 10, 12, and 13. We disagree.[10]

OV 10 addresses exploitation of a vulnerable victim. MCL 777.40. Defendant was assessed 10 points for exploiting a victim's youth. MCL 777.40(1)(b).

Defendant argues that OV 10 should be assessed zero points because no victims came forward. Defendant's argument is foreclosed by *People v Needham*, 299 Mich App 251; 829 NW2d 329 (2013), in which this Court held that a person who possesses child sexually abusive material engaged in the systematic exploitation of vulnerable young victims and, therefore, evidence of possession of this material can support a score of 10 points for OV 10. *Id*. at 252. In that case, the defendant argued that scoring OV 10 was improper because he never had contact with the victims depicted in the child sexually abusive material that he possessed. *Id*. at 253. This Court explained that contrary to the defendant's argument, the defendant did exploit and manipulate young, vulnerable victims as a consumer, or end recipient, of pornographic materials. *Id*. at 256. Further, this Court explained that the purpose of MCL 750.145c was to protect children from sexual exploitation. *Id*. Children are revictimized each time the image is viewed. *Id*. at 257.

In this case, defendant was convicted under MCL 750.145c(4)(b) for possessing hundreds of images depicting child sexually abusive material. Defendant revictimized these children by downloading and viewing these images. See *id*. Therefore, the trial court correctly assessed defendant 10 points for OV 10.

Defendant next argues that the trial court improperly skipped over OV 12 to assess defendant 25 points for OV 13. We disagree.

OV 12 concerns "contemporaneous felonious criminal acts." MCL 777.42(1). The trial court must score OV 12 using all qualifying acts before proceeding to OV 13. *People v Bemer*, 286 Mich App 26, 35; 777 NW2d 464 (2009). "[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the

---

[10] Unpreserved sentencing issues are reviewed for plain error affecting substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004).

sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). "A felonious criminal act is defined to be contemporaneous if the *act* occurred within 24 hours of the *sentencing offense* and will not result in a separate conviction." *Id*. at 722 (quotation marks and citation omitted). By contrast, the trial court must assess 25 points under OV 13 if defendant's "offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(b). Under OV 13, sentencing conduct is to be counted. MCL 777.43(a). Conduct already accounted for in OV 11 or OV 12 is not to be assessed. MCL 777.43(c).

The acts that defendant was convicted of were possession of child sexually abusive material and using a computer to commit a crime. He was convicted of just two counts, but the evidence at trial presented a pattern of criminal activity over several months. The record supported a finding that defendant downloaded child sexually abusive material on different days throughout 2020. These separate downloads are different acts for the purposes of OV 13 that occurred over an extended period, and not contemporaneous acts performed within 24 hours as required under OV 12. The trial court correctly assessed zero points under OV 12 and 25 points under OV 13. See MCL 777.42; MCL 777.43.

Affirmed.

/s/ Douglas B. Shapiro
/s/ James Robert Redford
/s/ Christopher P. Yates