PEOPLE v HARMON

Docket No. 226089. Submitted September 11, 2001, at Grand Rapids. Decided December 4, 2001, at 9:15 A.M. Leave to appeal sought.

Douglas C. Harmon was convicted after a bench trial in the Muskegon Circuit Court, James M. Graves, Jr., J., of four counts of making child sexually abusive material and was sentenced as a second-offense habitual offender to concurrent prison terms of ten to thirty years. The defendant appealed.

The Court of Appeals *held*:

1. The defendant's taking of two nude photographs each of two fifteen-year-old girls during one photography session supported conviction of four counts of making child sexually abusive material. *People v Smith*, 205 Mich App 69 (1994), on which the defendant relies in arguing that he can properly be convicted of only two counts, is sufficiently distinguishable from this case. In vacating three of four convictions of child sexually abusive activity for Smith's taking of more than one photograph on one occasion, the Court of Appeals did not state that a defendant could be convicted only once for multiple photographs taken of the same victim at one time. The *Smith* panel was swayed by the lack of evidentiary specificity with regard to the number or the lasciviousness of the photographs. In this case, by contrast, the prosecution presented four photographs that the trial court specifically concluded were lascivious.

2. The prosecution presented sufficient evidence from which the jury could conclude that the defendant knew, had reason to know, or reasonably should have known of the victims' ages or that the defendant failed to take reasonable precautions to determine their ages. One victim testified that she told the defendant that she was fifteen. The other victim testified that the defendant did not ask either victim about their ages, that she did not tell the defendant of her age before the photographs were taken, and that the defendant had asked her after the nude photographs were taken to backdate a release form indicating that she was over eighteen.

3. The defendant's counsel at trial did not render ineffective assistance by failing to challenge the scoring of certain offense and prior record variables under the legislative sentencing guidelines.

The variables at issue were correctly scored and counsel was not required to make meritless objections to the scoring.

4. The defendant objected at sentencing to references in the presentence investigation report to the defendant's alleged involvement in nude photography of underage females other than the victims in this case, and the trial court stated on the record that it would not consider those allegations in sentencing the defendant. This matter must be remanded so that the references can be stricken from the report.

Convictions and sentences affirmed; matter remanded for correction of presentence investigation report.

1. CRIMINAL LAW — EVIDENCE — SUFFICIENCY — APPEAL.

The Court of Appeals in reviewing the sufficiency of evidence presented at trial in a criminal case views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could conclude that the essential elements of the crime were proved beyond a reasonable doubt.

2. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL.

A defendant seeking to establish ineffective assistance of counsel must show that counsel's performance was objectively unreasonable in light of prevailing professional norms and that, but for counsel's error, a different outcome reasonably would have resulted.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Terrence E. Dean*, Senior Assistant Prosecuting Attorney, for the people.

*Martin J. Beres*, for the defendant on appeal.

Before: GRIFFIN, P.J., and GAGE and METER, JJ.

METER, J. Defendant appeals as of right from his conviction following a bench trial of four counts of making child sexually abusive material, MCL 750.145c(2). The trial court sentenced him as a second-offense habitual offender, MCL 769.10, to concurrent terms of ten to thirty years' imprisonment. We

affirm, but remand for the ministerial task of correcting the presentence investigation report.

The evidence presented at trial established that defendant took nude photographs of two fifteen-year-old girls with a digital camera in a studio located in defendant's house. Testimony indicated that photographs were taken on two separate occasions: July 10 and July 20, 1999. At trial, the prosecution introduced four photographs, two of each girl, that were taken on July 20. The trial court found that these four photographs supported four convictions under MCL 750.145c(2).

Defendant first contends that the prosecutor presented insufficient evidence to sustain four convictions under MCL 750.145c(2). We disagree.

In reviewing the sufficiency of the evidence in a criminal case, this Court must review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). This standard applies to bench trials. *People v Legg*, 197 Mich App 131, 132; 494 NW2d 797 (1992). This Court must resolve all evidentiary conflicts in favor of the prosecution. *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997).

MCL 750.145c(2) states:

> A person who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material, or a person who arranges for, produces, makes, or finances, or a person who attempts or prepares or conspires to arrange for, produce, make, or

finance any child sexually abusive activity or child sexually abusive material is guilty of a felony, punishable by imprisonment for not more than 20 years, or a fine of not more than $100,000.00, or both, if that person knows, has reason to know, or should reasonably be expected to know that the child is a child, or that person has not taken reasonable precautions to determine the age of the child.

MCL 750.145c(1)(h) states that " '[c]hild sexually abusive activity' means a child engaging in a listed sexual act." Under MCL 750.145c(1)(e), a "listed sexual act" includes erotic nudity. MCL 750.145c(1)(d) defines "erotic nudity" as "the lascivious exhibition of the genital, pubic, or rectal area of any person." MCL 750.145c(1)(d) further states that "[a]s used in this subdivision, 'lascivious' means wanton, lewd, and lustful and tending to produce voluptuous or lewd emotions."

MCL 750.145c(1)(i) defines "child sexually abusive material" as

a developed or undeveloped photograph, film, slide, electronic visual image, computer diskette, or sound recording of a child engaging in a listed sexual act; a book, magazine, or other visual or print medium containing such a photograph, film, slide, electronic visual image, or sound recording; or any reproduction, copy, or print of such a photograph, film, slide, electronic visual image, book, magazine, other visual or print medium, or sound recording.

We first note that the felony complaint and information did not identify any specific dates on which the four crimes occurred; the documents simply indicated that the crimes occurred in "June/July 1999." However, the prosecutor acknowledges that the photographs presented at trial derived from solely the second photography session on July 20, and the pros-

ecutor's theory at trial was that those four photographs formed the basis for the four charged counts. In addition, the trial court explicitly relied on the four photographs to support its finding that defendant was guilty of the four charged counts; the trial court found that the four photographs constituted depictions of erotic nudity because of their lascivious nature. Therefore, the question becomes whether the four photographs, two of each victim, could support four convictions under MCL 750.145c(2), even though the four photographs were from one photography session on July 20, 1999.

Defendant contends that the evidence supported only two convictions, one corresponding to each girl, because the four photographs derived from a single photography session. In making this argument, defendant relies on *People v Smith*, 205 Mich App 69, 72-73; 517 NW2d 255 (1994), aff'd on other grounds 450 Mich 349; 537 NW2d 857 (1995), in which this Court, addressing the defendant's four convictions under MCL 750.145c(2), stated:

> However, we agree with defendant that the evidence presented by the prosecutor was scant with respect to the number of occasions on which this conduct occurred. Even viewing the evidence in the light most favorable to the prosecutor, we can conclude that defendant took more than one photograph, but only on one occasion. It cannot be discerned from the victim's testimony exactly how many photographs were taken (she only refers to "pictures" in the plural) and the victim only specifically described one occasion on which defendant took photographs. Accordingly, while we conclude that the witness did give testimony sufficient to allow the conclusion by the jury that defendant committed one count of child sexually abusive activity, we cannot say that there was sufficient evidence to justify the conclusion that defendant committed four counts of child

sexually abusive activity. Accordingly, we set aside three of defendant's four convictions of child sexually abusive activity, leaving in place only one conviction and sentence for that offense.

Two years later, in *People v Hack*, 219 Mich App 299, 306-307; 556 NW2d 187 (1996), this Court stated in dicta:

> In *Smith*, this Court determined that the defendant could only be convicted once for multiple photographs taken of the same victim at one time. Here, however, we are dealing with multiple acts committed against two victims. Accordingly, this Court's opinion in *Smith* does not govern the outcome of this case.

At first blush, it appears that defendant is correct in arguing that the evidence in the instant case supported only two convictions under MCL 750.145c(2). On closer examination, however, we must reject defendant's argument. Indeed, we do not believe that *Hack* set forth the correct interpretation of *Smith*. Contrary to the assertion in *Hack*, the *Smith* Court did *not* explicitly state that a "defendant could only be convicted once for multiple photographs taken of the same victim at one time." See *id.* Indeed, in vacating three of the defendant's convictions in *Smith*, this Court was swayed by the lack of evidentiary specificity with regard to the number of photographs. See *Smith, supra* at 72-73. The *Smith* panel may have been concerned, for example, that less than four photographs were taken or that certain of the photographs were not sufficiently lascivious to support a conviction under MCL 750.145c(2). In the instant case, by contrast, the prosecutor presented four photographs that the trial court specifically concluded

were lascivious. In light of this evidence, we can discern no reason why defendant could not be convicted of four counts of "mak[ing] . . . child sexually abusive material" under MCL 750.145c(2). Indeed, defendant made four "photograph[s]" under MCL 750.145c(1)(i) and therefore could be convicted of four counts under the plain language of the relevant statutes. See *People v Childs*, 243 Mich App 360, 367; 622 NW2d 90 (2000) (unambiguous statutes must be enforced as written). *Smith* is sufficiently distinguishable from the instant case; no error occurred here with regard to the number of convictions.[1]

Defendant additionally contends that the prosecutor presented insufficient evidence to support the trial court's findings that defendant knew, had reason to know, or reasonably should have been expected to know the ages of the victims or failed to take reasonable precautions to determine their ages. Again, we disagree.

One victim testified that she told defendant at one of the two photography sessions that she was fifteen years old. According to this victim, defendant did not ask her for any identification before photographing her in the nude. The victim further stated that she did not see or hear defendant request identification from the other victim before taking nude photographs. The second victim testified that defendant did not ask either victim about their ages before taking photographs and that she never told defendant her age. She further testified that she signed a model release form indicating that she was over eighteen but did not sign

---

[1] Our conclusion in this regard renders moot defendant's argument that the trial court made insufficient factual findings to support convictions with regard to the first photography session.

the document until after the nude photographs were taken. She claimed that at defendant's direction, she signed and backdated the document to make it appear that she had signed it before the photographs were taken. Another girl who accompanied the victims to the first photography session confirmed the second victim's testimony regarding the backdating of the model release form.

Defendant testified that both victims signed release forms indicating that they were over eighteen; however, defendant could not find the form for one of the victims. Defendant additionally asserted that he took no nude photographs at the first photography session and that the victims promised to produce identification before any nude photography took place in the future. Defendant testified that at the second photography session, the victims told defendant that they forgot to bring identification, and defendant admitted that he proceeded to take nude photographs, regardless of the lack of identification, on the promise from the victims that they would supply identification within seven days.

Viewing this testimony in the light most favorable to the prosecutor, there was sufficient evidence for the jurors to conclude that defendant failed to take reasonable precautions to determine the age of the victims.[2] No error occurred with regard to the sufficiency of the evidence.

Next, defendant contends that incorrect scoring occurred with regard to certain offense and prior

---

[2] Contrary to defendant's contention, this case did not involve witness testimony that was so inherently implausible or so seriously impeached that it could not possibly be believed by a reasonable juror, as discussed in *People v Lemmon*, 456 Mich 625, 644; 576 NW2d 129 (1998).

record variables contained in the legislative sentencing guidelines.[3] Defendant challenges the scoring of offense variable (OV) 10 (exploitation of a vulnerable victim), which was scored at ten points, OV 13 (continuing pattern of criminal behavior), which was scored at twenty-five points, and prior record variable (PRV) 7 (subsequent or concurrent felony convictions), which was scored at twenty points.

We initially note that in the trial court, defendant did not raise any issues before, during, or after sentencing regarding the scoring of the offense and prior record variables that are at issue on appeal. Moreover, defendant was sentenced within the range produced by the guidelines.

> A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. [MCL 769.34(10); see also MCR 6.429(C).]

Therefore, the scoring issue is not properly presented for appeal. However, defendant also contends that his trial attorney rendered ineffective assistance of counsel by failing to challenge the scoring of the offense and prior record variables. Accordingly, appellate review of the scoring issue, as it relates to ineffective assistance of counsel, is appropriate.

---

[3] The offenses here were committed in July 1999; therefore, this matter is controlled by the legislative sentencing guidelines. See *People v Reynolds*, 240 Mich App 250, 253; 611 NW2d 316 (2000).

To establish ineffective assistance of counsel, a defendant must show (1) that the attorney's performance was objectively unreasonable in light of prevailing professional norms and (2) that, but for the attorney's error or errors, a different outcome reasonably would have resulted. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). Defendant has not met this burden in the instant case, because, as will be noted, his offense and prior record variables were correctly scored. Counsel was not required to make a meritless objection to the scoring, see *People v Gist*, 188 Mich App 610, 613; 470 NW2d 475 (1991), and the failure to object was not objectively unreasonable and did not reasonably affect the outcome of the proceedings. *Carbin, supra* at 600.

Regarding OV 10, MCL 777.40(1)(b) dictates a score of ten points if "[t]he offender exploited a victim's . . . youth . . . ." MCL 777.40(3)(b) states, "[e]xploit means to manipulate a victim for selfish or unethical purposes." MCL 777.40(2) states that "[t]he mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability." Defendant argues that despite the girls' young ages in this case, there was no evidence that they were vulnerable or that he exploited them. He contends that the girls participated in the photography sessions without any coercion or exploitation on his part. We disagree. Indeed, the evidence presented at trial established that defendant manipulated the victims and took advantage of their vulnerability based on age. First, defendant paid the victims to pose nude, thereby dangling a financial reward in front of victims who defendant acknowledged were in need of money. Second, defendant took advantage of the vic-

tims' youthful aspirations to become models. By using these two incentives, fame and fortune, defendant manipulated the minors into posing for lewd and lascivious photographs. No error occurred in the scoring of OV 10.

Regarding OV 13, MCL 777.43(1)(b) dictates a score of twenty-five points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(2)(a) states that "[f]or determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." Defendant contends that because his previous conviction for delivery of a controlled substance to a minor was not a crime against a person but instead a controlled substance crime, it could not be considered under MCL 777.43(1)(b). We need not reach this issue. Indeed, the court nonetheless appropriately scored OV 13 at twenty-five points because of defendant's four concurrent convictions under MCL 750.145c(2). No error occurred in the scoring of OV 13.

Regarding PRV 7, MCL 777.57(1)(a) dictates a score of twenty points if "[t]he offender has 2 or more subsequent or concurrent convictions." Defendant argues that because of his arguments regarding the sufficiency of the evidence and because he could be convicted of only two counts under MCL 750.145c(2) in this case, the proper score for PRV 7 was ten points for "1 subsequent or concurrent conviction" under MCL 777.57(1)(b). Because we have upheld all four of defendant's instant convictions, this argument is without merit. No error occurred in the scoring of PRV 7.

Finally, defendant takes issue with certain information contained in the presentence investigation report (PSIR). At sentencing, defendant objected to references in the PSIR about his alleged involvement in nude photography with underage females other than the victims of the instant crimes. The court stated on the record that it was "not weighing that in sentencing." Accordingly, the information about additional nude photography must be stricken from the PSIR. See *People v Taylor*, 146 Mich App 203, 205-206; 380 NW2d 47 (1985). However, because the trial court did not rely on the challenged information in sentencing defendant, resentencing is not required.

Defendant appears to challenge additional information (e.g., the allegation that he bought underwear from girls) contained in the PSIR but does not set forth a reasoned argument with regard to it. Indeed, it is apparent that defendant's appellate argument is focused on the nude photography allegations about additional girls that the trial court disregarded.[4] Accordingly, appellate review with regard to the possible additional challenges to the PSIR is inappropriate. Indeed, "[a] party may not merely state a position and then leave it to this Court to discover and rationalize the basis for the claim." *People v Griffin*, 235 Mich App 27, 45; 597 NW2d 176 (1999).[5]

---

[4] Indeed, defendant indicates in his appellate brief that "[t]he court claimed that it would not take into consideration the challenged material." The court made this claim solely with regard to the nude photography allegations and not to the additional allegations (e.g., the buying of underwear) that defendant appears to challenge on appeal.

[5] Even if we did review the information in the PSIR about buying underwear, we would find no basis for relief. Indeed, with regard to this issue, defendant objected at sentencing to the statement about "offering to and on occasion purchasing underwear." Defense counsel stated, "Mr. Harmon

Affirmed, but remanded for the ministerial task of correcting the presentence investigation report. We do not retain jurisdiction.

---

in his testimony denied that, and he denies that today." The court responded:

> Well, I—I accepted that testimony as true. I heard testimony under oath. I'm allowed to make reasonable inferences. . . . I did not believe a great deal of what Mr. Harmon said. And I think there was sufficient evidence on the record, both direct evidence and reasonable one-step inferences, to justify what's in the presentence report as to those items. So, I would leave that in there.

In objecting to the underwear information, defendant relied merely on his prior testimony at trial, and the court essentially indicated that it did not find this testimony believable but instead believed other testimony indicating that underwear buying did occur. Under these circumstances, no error requiring resentencing occurred.