# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHARLES JOSEPH PRIKOPA II,

        Defendant-Appellant.

UNPUBLISHED
April 14, 2016

No. 324957
Macomb Circuit Court
LC No. 2011-003034-FH

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

A jury convicted defendant of five counts of possession of child sexually abusive material, MCL 750.145c(4), and using a computer to commit a crime, MCL 752.796 and MCL 752.797(3)(d). In October 2012, the trial court sentenced defendant to concurrent prison terms of 18 to 48 months for each possession of child sexually abusive material conviction, and 18 months to 7 years for the unlawful use of a computer conviction. In a prior appeal, this Court affirmed defendant's convictions, but vacated his sentences for possession of child sexually abusive material and remanded "for resentencing to an intermediate sanction or articulation of a substantial and compelling reason for departure . . . ." *People v Prikopa*, unpublished opinion per curiam of the Court of Appeals, issued July 22, 2014 (Docket No. 313539), p 11. On remand, the trial court resentenced defendant to a one-year jail term for each possession of child sexually abusive material conviction, with credit for 733 days served, and a prison term of 18 months to 7 years for the unlawful use of a computer conviction, to be served concurrently. Defendant again appeals as of right. We affirm.

In his sole issue on appeal, defendant challenges the scoring of the sentencing guidelines for his conviction of using a computer to commit a crime.[1] Specifically, he challenges his 25-

---

[1] At the resentencing hearing, the parties disputed whether defendant was entitled to be resentenced for the unlawful use of a computer conviction where this Court's prior decision vacated only the sentences for possession of child sexually abusive material. The trial court proceeded to resentence defendant on all counts. On appeal, plaintiff does not challenge the trial court's authority to resentence defendant on his conviction for unlawful use of a computer.

-1-

point score for OV 13 (pattern of criminal behavior), which placed him in OV Level III (25 – 34 points) on the applicable sentencing grid for that offense. MCL 777.65. Defendant argues that the score was based on impermissible judicial fact-finding, in violation of *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). We disagree.

Because defendant did not raise an *Alleyne* challenge below, this issue is unpreserved and our review is limited to plain error affecting defendant's substantial rights. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

In *Lockridge*, 498 Mich at 364, our Supreme Court held that "the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne* . . . , applies to Michigan's sentencing guidelines and renders them constitutionally deficient," in violation of the Sixth Amendment, to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." To remedy this violation, the Court severed MCL 769.34(2) to the extent that it makes a sentencing guidelines range based on judge-found facts mandatory, and held that a guidelines range calculated in violation of *Apprendi* and *Alleyne* is advisory only. *Lockridge*, 498 Mich at 364-365.

In the context of addressing the application of its decision to other cases, the Supreme Court stated that if the facts "admitted by a defendant or found by the jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced[,] . . . an unconstitutional constraint [will have] actually impaired the defendant's Sixth Amendment right." *Id.* at 395. In such a case, the defendant will have "establish[ed] a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Id.* Conversely, if the facts admitted by the defendant and the facts necessarily found by the jury "were sufficient to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced," defendant cannot establish any plain error. *Id.* at 394-395.

OV 13 considers the "continuing pattern of criminal behavior." MCL 777.43. A score of 25 points is appropriate when "[t]he offense was part of a pattern of felonious criminal activity involving three or more crimes against a person." MCL 777.43(1)(c). All crimes within a five-year period, including the sentencing offense, must be counted, MCL 777.43(2)(a), and a pattern of criminal activity may be based on multiple offenses arising from the same event. *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001).

The record does not indicate that the trial court engaged in any judicial fact-finding concerning OV 13. The jury found defendant guilty of six offenses that qualify as crimes against a person. Defendant's five concurrent felony convictions of possessing child sexually abusive material all qualify as crimes against a person, MCL 777.16g, and, under the circumstances of this case, defendant's conviction of using a computer to commit a crime, MCL 752.796, also

Accordingly, for purposes of this appeal, we will presume that the trial court acted within its authority in resentencing defendant on that offense.

constitutes a crime against a person.[2]  Defendant does not cite any additional facts found by the court that were necessary to assess 25 points for OV 13.  Accordingly, the trial court's score for OV 13 was not based on "judge-found facts," but on facts found by the jury beyond a reasonable doubt.  Therefore, defendant cannot establish any plain error.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

---

[2] In defendant's prior appeal, he challenged the trial court's scoring of OV 13 on the basis that the offense of using a computer to commit a crime does not qualify as a crime against a person. This Court rejected that argument. *Prikopa*, unpub op at 11.