# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ELIAS ORTIZ,

        Defendant-Appellant.

UNPUBLISHED
November 29, 2016

No.  328244
Wayne Circuit Court
LC No.  15-000174-01-FH

Before:  JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted in a bench trial of first-degree home invasion, MCL 750.110a(2), assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, and assault with a dangerous weapon (felonious assault), MCL 750.82.  He was sentenced as a fourth-habitual offender, MCL 769.12, to 15 to 30 years' imprisonment for the home invasion conviction, 5 to 20 years' imprisonment for the AWIGBH conviction, and 4 to 15 years' imprisonment for the felonious assault conviction.  On appeal, defendant does not challenge his convictions; therefore, the convictions stand.  Defendant does argue that the trial court improperly assessed 25 points for offense variable (OV) 13, MCL 777.43 (continuing pattern of criminal behavior), that trial counsel was ineffective for failing to object to the scoring of OV 13, and that the alleged scoring error necessitates a remand for resentencing, considering that the error altered the guidelines minimum sentence range.  Defendant further maintains that he is entitled to a *Crosby*[1] remand under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), where the trial court engaged in judicial fact-finding when scoring the OVs, violating his Sixth and Fourteenth Amendment rights.  We affirm the trial court's scoring of OV 13, but remand the case for purposes of a *Crosby* proceeding consistent with *Lockridge*.

Defendant presents an evidentiary challenge and a constitutional challenge in the context of sentencing.  And in *People v Biddles*, __ Mich App __, __; __ NW2d __ (2016); slip op at 4-5, this Court examined a similar two-pronged assault on a sentence, articulating:

---

[1] This is a reference to *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Each of defendant's challenges has its own distinct remedy. With respect to the evidentiary challenge, if the trial court clearly erred in finding that a preponderance of the evidence supported one or more of the OVs or otherwise erred in applying the facts to the OVs, *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), and if the scoring error resulted in an alteration of the minimum sentence range, he would be entitled to resentencing, *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006). On the other hand, a *Crosby* remand[] under *Lockridge* is not the same remedy as remanding a case for resentencing. In *Lockridge*, 498 Mich at 398, our Supreme Court set forth the parameters of a *Crosby* remand, stating:

"[O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the 'circumstances existing at the time of the original sentence.' "

Accordingly, a *Crosby* remand results in *the possibility* of resentencing, whereas, in the context of a successful evidentiary challenge, resentencing is actually ordered by the appellate court. Of course, post-*Lockridge,* any resentencing will have to be conducted pursuant to the principles enunciated in *Lockridge*, primarily the directive that the guidelines are now advisory only. *Lockridge*, 498 Mich at 365. When this Court is presented with an evidentiary *and* a constitutional challenge regarding the scoring of the guidelines, the evidentiary challenge must initially be entertained, because if it has merit and requires resentencing, the constitutional or *Lockridge* challenge becomes moot, as a defendant will receive the protections of *Lockridge* on resentencing. And if an evidentiary challenge does not succeed, then and only then should we entertain the constitutional challenge. [Emphasis and latter alteration in original.]

Thus, we first address defendant's argument that the trial court improperly assessed 25 points for OV 13. We hold that the court did not clearly err in finding that a preponderance of the evidence supported the 25-point assessment for OV 13.

Twenty-five points must be assessed for OV 13 when the sentencing "offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). And MCL 777.43(2)(a) provides that in assessing points for OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." Here, the sentencing or scored offense was first-degree home invasion, which constitutes a felony and a crime against a person, MCL 750.110a(5); MCL 777.16f, as do AWIGBH, MCL 750.84(1)(a); MCL 777.16d, and felonious assault, MCL 750.82(1); MCL 777.16d. Within the 5-year period alluded to in MCL 777.43(2)(a), defendant

also had a conviction for the felony of domestic violence, third offense, MCL 750.81(5), which is a crime against a person, MCL 777.16d. The victim of each of the three current felonies was defendant's former girlfriend. Defendant contends that these three convictions can only be counted as *one* felonious criminal act for purposes of scoring OV 13, along with the domestic violence conviction, given that the home invasion, AWIGBH, and felonious assault offenses occurred contemporaneously, involving the same and only one victim.

In *People v Gibbs*, 299 Mich App 473, 487; 830 NW2d 821 (2013), this Court addressed OV 13 and stated:

> Gibbs was convicted of two counts of armed robbery and one count of unarmed robbery, which are all classified under the sentencing guidelines as crimes against a person. MCL 777.16y. Gibbs argues that his convictions arose out of one incident and that he could not have 25 points assessed. *However, there is nothing in the language of MCL 777.43(1)(c) to support Gibbs's argument that multiple convictions arising from the same incident cannot be considered for scoring OV 13.* In *People v Harmon*, 248 Mich App 522; 640 NW2d 314 (2001), the defendant was convicted of four counts of making child sexually abusive material. He photographed two 15–year–old girls. There were four photos in all—two of each girl, taken on a single date. *Id.* at 524-526. We held that 25 points were properly assessed under OV 13 because of the "defendant's four concurrent convictions . . . ." *Id.* at 532. Similarly, in this case, while the robberies arose out of a single criminal episode, Gibbs committed three separate acts against each of the three victims and these three distinct crimes constituted a pattern of criminal activity. Additionally, although some subsections of MCL 777.43 contain limitations on a trial court's ability to score for more than one instance arising out of the same criminal episode, subsection (1)(c) contains no such limitation. Accordingly, *because multiple concurrent offenses arising from the same incident are properly used in scoring OV 13*, the trial court did not err by assessing 25 points for that variable. [Emphasis added; omission in original.]

*Gibbs* and *Harmon* make clear that multiple concurrent offenses arising from the same incident or from a single criminal episode are to be counted in scoring OV 13, and *Harmon* undermines defendant's sole- or same-victim theory, where this Court determined that there were four concurrent convictions assessable under OV 13, even though there were only two victims. Nothing in the plain language of MCL 777.43 suggests that the felonious criminal activity involving three or more crimes must pertain to different victims if arising from a single criminal episode. Defendant is perhaps arguing that where two or more criminal offenses arise from the same specific conduct, e.g., stealing a car at gunpoint giving rise to the offenses of armed robbery and carjacking, only one crime can be counted when scoring OV 13. In our review of the lower court record, it is never made clear whether the AWIGBH and felonious assault

offenses were based on the same specific conduct or different conduct.[2]  Indeed, there was evidence that defendant initially swung a knife at the victim's head, missing her and driving the knife into a bedroom wall, followed by the interjection of a roommate's boyfriend into the fray, fighting between him and defendant, with them tumbling down some stairs, and then defendant cutting the victim's arm with the knife as he was pushed out of the living room and the house by the roommate's boyfriend.  The trial court clearly found that the crime of AWIGBH had been committed during the initial stabbing effort in the victim's bedroom.  But we cannot decipher whether the court relied on that same conduct to support the felonious assault conviction or relied on the subsequent conduct when the victim was actually cut, or both instances. Nevertheless, assuming for the sake of argument that the AWIGBH and felonious assault offenses could not be considered as two felonious criminal acts, but just a single act, the offense of home invasion was certainly a distinct crime, which, when considered in conjunction with a single assault and the previous domestic violence conviction, provide the requisite three felonious criminal acts for assessing 25 points under OV 13.  Resentencing is unwarranted.[3]

Because defendant is not entitled to resentencing relative to his evidentiary challenge of OV 13, we must entertain defendant's constitutional argument under *Lockridge*, wherein our Supreme Court ruled:

> Because Michigan's sentencing guidelines scheme allows judges to find by a preponderance of the evidence facts that are then used to compel an increase in the mandatory minimum punishment a defendant receives, it violates the Sixth Amendment to the United States Constitution . . . . To remedy the constitutional flaw in the guidelines, we hold that they are advisory only.
>
> To make a threshold showing of plain error that could require resentencing,[4] a defendant must demonstrate that his or her OV level was calculated using facts beyond those found by the jury or admitted by the defendant and that a corresponding reduction in the defendant's OV score to account for the error would change the applicable guidelines minimum sentence range. If a defendant makes that threshold showing and was not sentenced to an upward departure sentence, he or she is entitled to a [*Crosby*] remand [to] the trial court for that court to determine whether plain error occurred, i.e., whether the

---

[2] We note that convictions for both AWIGBH and felonious assault arising out of the same conduct do not violate double jeopardy protections because the offenses have different elements. *People v Strickland*, 293 Mich App 393, 401-402; 810 NW2d 660 (2011).

[3] Given our ruling, defendant's accompanying ineffective assistance claim necessarily fails, as counsel is not required to make futile or meritless objections.  *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004).

[4] We note that defendant did raise the *Lockridge* issue in a motion to remand; however, even with proper preservation, this Court has determined that the analysis in *Lockridge* applies equally to cases involving preserved claims of error.  *People v Stokes*, 312 Mich App 181, 200; 877 NW2d 752 (2013).

court would have imposed the same sentence absent the unconstitutional constraint on its discretion. If the trial court determines that it would not have imposed the same sentence but for the constraint, it must resentence the defendant. [*Lockridge*, 498 Mich at 399.]

Defendant maintains that the trial court engaged in constitutionally-impermissible judicial fact-finding with respect to OV 12, MCL 777.42 (contemporaneous felonious criminal acts), OV 13, and OV 19, MCL 777.49 (interference with the administration of justice) and that, absent the scoring of those variables, the guidelines minimum sentence range would be lowered. The prosecution agrees and joins defendant in asserting that defendant is entitled to a *Crosby* remand under *Lockridge*. The facts underlying the scores for OVs 12 (ten points) and 19 (ten points) were plainly not encompassed by the jury's verdict or an admission by defendant. And when those 20 points are subtracted from defendant's total OV score, he moves from OV level VI down to OV level V on the applicable class B grid. MCL 777.63. Accordingly, defendant is entitled to a *Crosby* remand under *Lockridge*, without the need for us to explore the impact of OV 13 on the analysis. As a final point, we note that the lower court record in our possession lacks a sentencing information report (the one-page scored guidelines) that reflects the alterations made by the trial court at sentencing, i.e., reducing the score for OV 3 from ten to five points and reducing the score for OV 4 from ten points to zero points. As part of the *Crosby* remand, we direct the trial court to make the necessary corrections to the document.

We affirm defendant's unchallenged convictions and the assessment of 25 points for OV 13, but remand the case for purposes of a *Crosby* proceeding consistent with *Lockridge*. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan