# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LAWRENCE EDWARD REED,

      Defendant-Appellant.

UNPUBLISHED
January 24, 2017

No. 329124
Clare Circuit Court
LC No. 11-004237-FC;
       11-004238-FC;
       11-004239-FC;
       11-004240-FC

Before: M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant, Lawrence Edward Reed, was convicted of several crimes that arose out of a series of break-ins and attempted break-ins in 2010. He appealed as of right those convictions, and this Court affirmed his convictions but remanded for resentencing. *People v Reed*, unpublished opinion per curiam of the Court of Appeals, issued August 21, 2014 (Docket Nos. 308647, 308648, 308649, 308650), p 1. Specifically, this Court remanded the matter for resentencing because it agreed with defendant's argument that offense variable (OV) 9 was incorrectly scored at ten points, an issue that the prosecution conceded on appeal. *Id*. at 8. On remand, the trial court correctly scored OV 9 at zero points and resentenced defendant accordingly. Defendant now appeals as of right again, raising a variety of arguments with respect to his convictions and sentences. We affirm defendant's convictions and sentences but remand this matter for the ministerial task of correcting the presentence investigation reports (PSIRs) in each lower court file.

On appeal, defendant's appellate counsel argues that a remand is necessary to correct the PSIRs to reflect the changes made to the scoring of OV 9. We agree, and the prosecution concedes the same. We therefore remand this matter for the ministerial task of correcting the PSIRs in that regard. *People v Harmon*, 248 Mich App 522, 534; 640 NW2d 314 (2001) ("Affirmed, but remanded for the ministerial task of correcting the presentence investigation report."). Defendant's appellate counsel also argues that resentencing is again required pursuant to our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). We disagree. The only OVs that were scored on remand were OVs 13 and 16. With respect to OV 13, which was scored at ten points based on defendant's pattern of felonious activity, this Court has previously held that a defendant's admission or a jury's finding of a prior conviction

-1-

satisfies Sixth Amendment concerns with respect to sentencing enhancements. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 435-436; 884 NW2d 297 (2015). Consequently, even if we assume that OV 16 was impermissibly scored at five points based on judicially found facts, defendant's minimum guideline range would remain the same, MCL 777.65; thus, a remand is not required by *Lockridge*. *Jackson*, 313 Mich App at 436 (providing that a "remand is not required under *Lockridge*" when a scoring change "would not alter defendant's guidelines minimum sentence range."). Relatedly, we also reject the argument that a remand is necessary to determine the reasonableness of defendant's sentences. Defendant's sentences were within the applicable guidelines range; consequently, his sentences are presumptively proportionate and reasonable under *Lockridge*. See *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015).

Defendant also raises several additional arguments in a pro se brief filed pursuant to Administrative Order No. 2004-6, Standard 4. First, he claims that he was deprived of his constitutional right to due process because the prosecution failed to turn over potentially exculpatory evidence; that the trial court abused its discretion in allowing various prosecution witnesses to comment on suppressed evidence; that he was deprived of his constitutional right to the effective assistance of counsel based on his trial counsel's failure to obtain potentially exculpatory evidence from the prosecution, his trial counsel's failure to secure expert testimony regarding false identifications, his trial counsel's failure to call various witnesses, and his trial counsel's failure to object to various instances of prosecutorial misconduct; that resentencing is again required pursuant to *Lockridge*; and that his appellate counsel's performance constituted ineffective assistance because these arguments were not raised on appeal.

We need not address the majority of these arguments, however, because they are beyond the scope of defendant's appeal after remand. *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) ("[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand."); see also *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) ("[T]he scope of the second appeal is limited by the scope of the remand."). Similarly, we also reject defendant's argument that appellate counsel was ineffective in failing to raise these arguments for the same reason. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."). While defendant's argument with respect to *Lockridge* is within the scope, it is meritless for the reasons set forth above. We therefore affirm defendant's convictions and sentences.

Affirmed but remand for the ministerial task of correcting the PSIRs as indicated above.


/s/ Michael J. Kelly
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien