*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANGELA MARIE JAMISON,

        Defendant-Appellant.

UNPUBLISHED
September 10, 2020

No. 345260
Calhoun Circuit Court
LC No. 2017-002372-FC

Before: CAVANAGH, P.J., and BORRELLO and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right her sentence following a jury trial conviction of assault with a deadly weapon, MCL 750.82; carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and carrying a concealed weapon, MCL 750.227. On appeal, defendant argues that the trial court erred when it assessed 25 points for Offense Variable (OV) 3 under our sentencing guidelines. Defendant also requests clerical changes to the presentence investigation report (PSIR). We affirm, but remand for the ministerial task of correcting the PSIR as warranted.

This case arises from an altercation that resulted in defendant shooting the victim in the side of his head. Defendant limits her argument to the trial court's scoring of OV 3 at sentencing and does not challenge her underlying convictions. Specifically, defendant argues that the trial court clearly erred when it assessed 25 points under OV 3 because the victim's injuries were not life-threatening or incapacitating. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

OV 3 of the sentencing guidelines addresses physical injuries of the victim. See MCL 777.33(1). OV 3 is scored at 25 points when "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). Although gunshot wounds are not necessarily life-threatening, several of our recent cases provide focus for evaluating the severity of the victim's

injuries in this case. See, e.g., *People v McFarlane*, 325 Mich App 507, 533; 926 NW2d 339 (2018). In *McFarlane*, we concluded that 25 points for OV 3 was appropriate when a victim suffered brain injuries—including "significant subdural bleeding, repeated seizures, and retinal hemorrhage"— and was transported to a second hospital as part of their treatment. *Id*. We have also recently held that profuse bleeding can support a determination that a victim's injuries were life-threatening. See *People v Rosa*, 322 Mich App 726, 746; 913 NW2d 392 (2018).

In this case, the evidence established that the victim was shot in the side of the head, resulting in likely subdural hemorrhaging, bone fractures, and excessive scalp swelling. Although the exact reasons remain unclear, the victim's injuries also required his transfer to a second hospital. There was also testimony that the victim was bleeding profusely, had tunnel vision, and was going into shock before the ambulance arrived. Therefore, the trial court did not clearly err when it found by a preponderance of the evidence that the victim's injuries were life-threatening. See *Hardy*, 494 Mich at 438.

Defendant also claims that her PSIR does not accurately reflect her husband's phone number and her driver's license number. Although defendant did not raise these clerical or typographical errors directly before the trial court at sentencing, to the extent that the Department of Corrections is currently relying on inaccurate information, we remand this matter to the trial court so that it may undertake any necessary fact-finding in the first instance and transmit a corrected PSIR, as warranted, to the Department of Corrections. See *People v Harmon*, 248 Mich App 522, 533-534; 640 NW2d 314 (2001). Resentencing is not required. See *id*. at 533.

Affirmed, but remanded for the ministerial task of addressing any alleged clerical inaccuracies in defendant's PSIR. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ Jonathan Tukel