*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RYAN THOMAS THRASHER,

Defendant-Appellant.

UNPUBLISHED
February 16, 2023

No. 359125
Van Buren Circuit Court
LC No. 2020-022728-FH

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Defendant appeals following his bench trial convictions of three counts of aggravated possession of child sexually abusive material, MCL 750.145c(4)(b). The trial court sentenced defendant, as a third-offense habitual offender, MCL 769.11, to 10 to 20 years' imprisonment for each count of aggravated possession of child sexually abusive material. We affirm defendant's conviction and sentence, but remand for a ministerial correction of the PSIR.

## I. FACTUAL BACKGROUND

The facts underlying this appeal are not contested. In February 2020, Kathleen Ann Carlson, defendant's girlfriend, found defendant's phone. After reading through the texts and social media, Carlson looked through defendant's photos. There was a folder, labeled "Nono," which contained photos and video clips of child pornography. The children depicted were female and approximately six years old. Carlson did not watch much of the video clips, but the photos she saw and video clips she watched showed children performing sex acts.

After her discovery, Carlson immediately called the Lawton Police Department. Carlson provided defendant's phone and revealed defendant's swipe pattern to unlock defendant's phone to Lawton Police Department Officer Jeff Largen. Over a week later, Carlson provided Officer Largen with defendant's laptop and tablet. Lawton Police Department Chief Jeff Mack provided all three devices, defendant's phone swipe pattern, and a search warrant for defendant's phone to Van Buren County Sheriff's Office Detective Dan Frattura.

-1-

In March 2020, Detective Frattura received the records from Google[1] covered by the search warrant. On defendant's phone, via Google Photos, there was a folder labeled "Nono's" with images, as far back as April 2019, and video clips of adult pornography and child sexually abusive material. There was a combination of at least 15 photos and video clips. In the video clips, the children were either naked or partially dressed. Some of the sexual acts depicted an adult male penetrating a child. Some of these photos from Google Photos were copied locally onto defendant's phone. On defendant's tablet, Detective Frattura found many images and video clips of child sexually abusive material, which clearly depicted prepubescent females engaged in sexual acts.

The trial court convicted defendant of three counts of aggravated possession of child sexually abusive material. At sentencing, when the trial court asked whether there were objections to the sentencing information report, the prosecution objected to the assessment of zero points for offense variable (OV) 10. The prosecution argued that an assessment of 10 points for OV 10 was proper under *People v Needham*, 299 Mich App 251; 829 NW2d 329 (2013). When asked, defendant did not object to the prosecution's argument. The trial court had "reviewed the case of *People v Needham*, Court of Appeals case and [it] agree[d] with the Prosecuting Attorney that that case supports the scoring of 10 points on Offense Variable 10."

Before sentencing defendant, the trial court heard remarks. The prosecution, as part of its remarks, attempted to mention a statement by defendant's sister, but defendant objected because defendant's sister was not involved in this case. The trial court allowed the prosecution to continue because the statement by defendant's sister was in the presentence investigation report (PSIR). At the conclusion of remarks, the trial court clarified that it was "not sentencing [defendant] based on comments from [defendant's] sister" because it "[did not] know [defendant's] sister" or "anything about her credibility."

Defendant now appeals.

## II. *NEEDHAM*'S PRECEDENTIAL EFFECT

### A. PRESERVATION OF ISSUE

> A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. [MCL 769.34(10).]

A proper motion to remand was filed. This issue is preserved for appeal.

---

[1] The records at issue involved photos that had been backed up to the Google Cloud.

## B. STANDARD OF REVIEW

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by the statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citation omitted).]

We will conclude that the trial court's factual determinations are clearly erroneous only if we are left with a definite and firm conviction that the trial court made a mistake. *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10).

## C. ANALYSIS

On appeal, defendant does not challenge the accuracy or application of the information that the trial court relied on in sentencing defendant or argue that there was an error in the calculation of the sentencing guidelines range. Rather, defendant contends that this Court should overrule *Needham* because the published opinion relied on inapt precedent and contradicts our jurisprudence.

Under OV 10, 10 points are properly assessed when "[t]he offender exploited a victim's . . . youth or agedness[.]" MCL 777.40(1)(b). To "exploit" is "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). "Accordingly, to merit a score of 10 points for OV 10, a defendant must have manipulated a young victim for a selfish or unethical purpose and the victim's vulnerability must have been readily apparent." *Needham*, 299 Mich App at 255.

In *Needham*, 299 Mich App at 252, this Court held that "[w]hen a person possesses child sexually abusive material, he or she personally engages in the systematic exploitation of the vulnerable victim depicted in that material." Accordingly, *Needham* held that evidence of possession of such material "can support a score of 10 points for OV 10, reflecting that a defendant exploited a victim's vulnerability due to the victim's youth." *Id. Needham* relied on *United States v Norris*, 159 F3d 926 (CA 5, 1998), and *People v Althoff*, 280 Mich App 524; 760 NW2d 764 (2008); this reliance drives defendant's request that this Court overrule *Needham*. However, *Needham* is binding precedent, so we cannot overrule it. See MCR 7.215(J)(1). Rather, the process established in MCR 7.215(J), if we were to disagree with that decision, is to invoke the process of convening a Special Panel of the Court.

Defendant has not persuaded us that *Needham* was wrongly decided. Although the issues in *Norris* were different, *Needham*'s use of *Norris*'s dicta on the victimization of children as a result of child sexually abusive material does not invalidate *Needham*'s precedential effect. MCR 7.215(C)(2). See *Norris*, 159 F3d at 929-930. Second, *Althoff* is a published opinion that has not been reversed or modified nor questioned or negatively treated. We are obligated under principles of stare decisis to follow prior published opinions of this Court so defendant's argument is

unavailing. MCR 7.215(C)(2), MCR 7.215(J)(1). Therefore, we decline to create a conflict with *Needham* and request a Special Panel.

## III. CORRECTION OF THE PSIR

### A. PRESERVATION OF ISSUE

Generally, "[f]or an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). At sentencing, defendant objected to the trial court's use of a statement unrelated to this case from defendant's sister. The trial court, in response, did not sentence defendant based on comments from defendant's sister. This issue is preserved for appeal.

### B. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's response to a defendant's challenge to the accuracy or relevancy of information in a PSIR. *People v Maben*, 313 Mich App 545, 552; 884 NW2d 314 (2015). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Kosik*, 303 Mich App 146, 154; 841 NW2d 906 (2013).

### C. ANALYSIS

On appeal, defendant does not contest the accuracy of the statement from defendant's sister in the PSIR and did not ask for it to be stricken from the PSIR at sentencing. Rather, defendant argues that the irrelevancy of this statement in sentencing means that the statement must be stricken from the PSIR. Accordingly, defendant requests that this Court remand this matter to the trial court so that the trial court may direct the probation officer to delete the challenged information from the PSIR and send a corrected PSIR to the Michigan Department of Corrections (MDOC). We agree.

At sentencing, either party may challenge the accuracy or relevancy of information contained in the PSIR. MCL 771.14(6); MCR 6.425(D)(1)(b). "If any information in the presentence report is challenged, the court must . . . make a finding with respect to the challenge or determine that a finding is unnecessary because it will not take the challenged information into account in sentencing." MCR 6.425(D)(2)(a). "If the court . . . determines that it will not take the challenged information into account in sentencing, . . . it must order the probation officer to correct the report." MCR 6.425(D)(2)(a). Or, "[i]f the court finds on the record that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record, the presentence investigation report shall be amended, and the inaccurate information shall be stricken accordingly . . . ." MCL 771.14(6). However, "[t]he failure to strike disregarded information can be harmless error." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009).

The MDOC makes critical decisions concerning a defendant's status using information contained in the PSIR, so "the PSIR should accurately reflect any determination the sentencing judge has made about the accuracy or relevancy of the information contained in the report." *People v Uphaus (On Remand)*, 278 Mich App 174, 182; 748 NW2d 899 (2008) (quotation marks and

citation omitted). The record reflects that the trial court did not rely on the challenged statement contained in the PSIR when sentencing defendant, so the PSIR should reflect that determination. See *People v Harmon*, 248 Mich App 522, 533; 640 NW2d 314 (2001). We remand for the limited ministerial task of striking the irrelevant statement from the PSIR and sending a corrected PSIR to the MDOC. *Id.* at 534.

## IV. CONCLUSION

We affirm defendant's convictions and sentence, but remand for the limited purpose of ordering the trial court to direct the probation officer to delete the challenged information from the PSIR and assure a corrected PSIR is prepared and transmitted to the MDOC, consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney