# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GABRIEL JANEEA FRANK,

        Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 336243
Wayne Circuit Court
LC No. 16-004396-01-FH

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right her bench-trial convictions for assault with intent to do great bodily harm (AWIGBH), MCL 750.84, retaliation against a witness, MCL 750.122(8), and three counts of felonious assault, MCL 750.82. Defendant was sentenced as a second-offense habitual offender, MCL 760.10, to 3 to 15 years' imprisonment for AWIGBH, 3 to 15 years' imprisonment for retaliation against a witness, two to six years' imprisonment for two of the felonious assault convictions, and five years' probation for the third felonious assault conviction. We affirm.

Defendant first contends that her counsel was ineffective for failing to discover that the prosecution's lead witness had a criminal history that could have been used as impeachment evidence at trial under MRE 608 or 609. Defendant's claim does not warrant relief.

Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's constitutional determinations are reviewed de novo while factual determinations are reviewed for clear error. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002).

"In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). This Court presumes that counsel was effective, and a defendant bears the heavy burden of proving otherwise. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009).

-1-

In providing objectively reasonable representation, trial counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Trakhtenberg*, 493 Mich at 52. Intertwined with this responsibility is counsel's duty to prepare, investigate, and present all substantial defenses, which means any defense that might have made a difference in the outcome at trial. *People v Chapo*, 283 Mich App 360, 370; 770 NW2d 68 (2009). Thus, "[c]ounsel may provide ineffective assistance if counsel unreasonably fails to develop the defendant's defenses by adequately impeaching the witnesses against the defendant." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). To properly assess the reasonableness of counsel's investigation, a court must consider the evidence known to counsel and whether that evidence would lead a reasonable attorney to investigate further. *Wiggins v Smith*, 539 US 510, 527; 123 S Ct 2527; 156 L Ed 2d 471 (2003). This last rule is where defendant's ineffective assistance claim fails: there is nothing to suggest that defendant's trial counsel had reason to believe that the witness in question had a criminal record, let alone a criminal record that might be admissible as impeachment evidence.

We agree with the prosecution that a defense attorney's duty to investigate a matter is limited by whether any known evidence could have led the attorney to think that investigation into the matter was necessary. Otherwise, we are substituting our judgment for that of the attorney, and assessing the attorney's competence with the benefit of hindsight. While defendant's trial counsel testified at the *Ginther* hearing that she had "no excuse" for failing to discover the criminal record, defendant must establish the *objective* unreasonableness of trial counsel's performance. See *Trakhtenberg*, 493 Mich at 51. Defendant's trial counsel testified that she focused her investigation on defendant's "alibi and other potential witnesses," and there is no evidence that defense counsel's investigation resulted in any information that would have led her to believe that investigation of the witness's criminal background would produce relevant impeachment evidence. Without any evidence to point her towards that particular inquiry, it cannot be said that defense counsel's performance fell below an objective standard of reasonableness. See *Wiggins*, 539 US at 527. Because defendant failed to establish the first prong of her ineffective assistance claim, she is not entitled to relief.

Defendant also contends that she is entitled to a new trial because the prosecution failed to disclose the lead witness's criminal history. According to defendant, this information constituted material exculpatory evidence, and the prosecution's failure to disclose this information violated *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963). We disagree.

Constitutional due process claims, like alleged *Brady* violations, are reviewed de novo. *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007). In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 US at 87. The components of a true *Brady* violation are (1) the suppression of evidence by the prosecution that is (2) favorable to the accused and (3) material. *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014). "To establish materiality, a defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (quotation marks and citation omitted).

We conclude that even if the prosecution suppressed the lead witness's criminal history, defendant's *Brady* claim fails because she cannot establish that there was a reasonable probability that the outcome would have been different had this evidence been disclosed. At trial, defense counsel repeatedly attacked the lead witness's credibility, contending that the witness fabricated the assault. Despite these attacks, the trial court found the witness credible. More importantly, the court found the witness's two daughters, who testified that they witnessed the assault, to be credible. While the impeachment evidence may have impacted the factfinder's view of the lead witness's credibility, it would not have affected the credibility of the other witnesses, and is therefore not the type of exculpatory evidence that would have affected the outcome at trial. We also note that, for the same reasons, even if it was objectively unreasonable for trial counsel to fail to investigate the lead witness's criminal history, defendant's ineffective assistance claim would fail. See *Trakhtenberg*, 493 Mich at 51; *Chenault*, 495 Mich at 159 ("*Brady* materiality is assessed under the same 'reasonable probability' standard that is used to assess prejudice under *Strickland*.").

In her final issue, defendant contends that she is entitled to resentencing based on the trial court's erroneous assessment of offense variables (OVs) 3, 5, and 13. We disagree.

As a preliminary matter, we note that defendant's argument concerning OV 5 is moot. On remand, the prosecution and the trial court agreed with defendant that OV 5 was erroneously scored, but the trial court declined to resentence defendant because the correction of OV 5 did not alter defendant's minimum sentencing guidelines range. We presume that OV 5 should be assessed zero points and only address defendant's arguments concerning OVs 3 and 13.

Issues involving the proper interpretation and application of the legislative sentencing guidelines are reviewed de novo, *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016), whereas the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence, *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008).

Defendant contends that OV 13 was improperly assessed 25 points. We disagree. OV 13 is governed by MCL 777.43, which provides in pertinent part:

> (1) Offense variable 13 is a continuing pattern of criminal behavior. Score offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (c) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person……………………………….25 points

OV 13 requires the court to "count all crimes that occurred within a five-year period, which includes the sentencing offense; further, the court must count all offenses even if the offense did not result in a conviction." *People v McFarlane*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336187); slip op at 12, citing MCL 777.43(2)(a).

Defendant contends that OV 13 was improperly assessed because the charges arising out of the assault perpetrated by defendant constituted a singular criminal transaction and did not demonstrate a pattern of felonious behavior. That is, defendant believes that her five convictions should only have counted as a singular crime within the meaning of MCL 777.43(1)(c). This Court, however, has already rejected defendant's interpretation of MCL 777.43(1)(c):

> In *People v. Harmon*, 248 Mich App 522; 640 NW2d 314 (2001), the defendant was convicted of four counts of making child sexually abusive material. He photographed two 15–year–old girls. There were four photos in all—two of each girl, taken on a single date. *Id*. at 524–526. We held that 25 points were properly assessed under OV 13 because of the "defendant's four concurrent convictions . . . ." *Id*. at 532. Similarly, in this case, while the robberies arose out of a single criminal episode, [the defendant] committed three separate acts against each of the three victims and these three distinct crimes constituted a pattern of criminal activity. *Additionally, although some subsections of MCL 777.43 contain limitations on a trial court's ability to score for more than one instance arising out of the same criminal episode, subsection (1)(c) contains no such limitation.* [*People v Gibbs*, 299 Mich App 473, 487-488; 830 NW2d 821 (2013) (emphasis added).]

While defendant's charges arose out of a singular occurrence, they involved three distinct victims, so the trial court correctly assessed defendant 25 points for OV 13.

Defendant next contends that OV 3 was improperly assessed 10 points. OV 3 is governed by MCL 777.33, which provides, in pertinent part:

> (1) Offense Variable 3 is physical injury to a victim. Score offense variable 3 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (d) Bodily injury requiring medical treatment occurred to a victim……………………………………………………………………...10 points
>
> (e) Bodily injury not requiring medical treatment occurred to a victim………………………………………………………………....……...5 points
>
> (f) No physical injury occurred to a victim……………………………………………….…………………..0 points.

Although there was trial testimony that the victim experienced bruising and went to the hospital, there was no evidence that the victim was required to undergo any medical treatment as a result of defendant's assault. The prosecution contends that because the victim testified that she was pregnant, was hit in the abdomen, and sought—but never received—medical treatment after the assault, OV 3 was properly assigned 10 points. But OV 3 mandates that the victim *require* medical treatment to assess 10 points; the fact that a victim *seeks* medical treatment is, by itself, insufficient. Yet because there was testimony that each of the victims was injured in the assault,

it would have been appropriate for the trial court to assign five points for OV 3. See MCL 77.33(1)(e).

Defendant's minimum sentencing guidelines range was calculated based upon her AWIGBH conviction, a Class D offense under MCL 777.65, and she received a total prior record variable (PRV) score of 55 and an OV score of 71. The trial court concluded that defendant should have been assessed zero points for OV 5, so her new OV score was 56 points. For defendant's OV score to alter her guidelines range, defendant would need a corrected OV score of no more than 49. As explained, OV 3 should have been assigned five points instead of 10, so defendant's correct OV score becomes 51 points. This is not sufficient to alter defendant's guidelines range, so resentencing is not warranted. See *People v Davis*, 468 Mich 77, 83; 658 NW2d 800 (2003) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required.").

Affirmed.

/s/ Colleen A. O'Brien
/s/ Jonathan Tukel